Roess v. The Malsby Company—Syllabus.

---

M. J. ROESS, *Plaintiff in Error,* v. THE MALSBY COMPANY *Defendant in Error.*

Opinion Filed January 15, 1915.

A foreign corporation, transacting business in Florida, which maintains an agent in such State, upon whom process may be served in accordance with the provisions of Paragraph 5 of Section 1406 of the General Statutes of Florida, and against which a personal judgment may be rendered, is entitled to plead the statute of limitations in an action instituted against such corporation.

Writ of Error to Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment affirmed.

*H. M. Hampton,* for Plaintiff in Error;

*R. A. Burford,* for Defendant in Error.

SHACKLEFORD, J.—M. J. Roess, doing business under the name and style of Roess Lumber Company, instituted an action of assumpsit against the Malsby Company, a corporation organized under the laws of the State of Georgia and doing business in Marion County, Florida. The defense relied upon is set forth in the following plea:

"And for a third and further plea this defendant says that the said alleged cause of action sued upon in this cause did not accrue within three years before the commencement of plaintiff's action. That the said defendant is a foreign corporation organized and existing under the laws of the State of Georgia, and was doing business in the State of Florida and kept and maintained an agent transacting business for it in said State of Florida, upon whom any process against said defendant could have been served in pursuance of paragraph 5 of section 1406 of the General Statutes of the State of Florida, at the time of the commencement of plaintiff's action and continuously immediately prior thereto for a period of more than three years."

To this plea the plaintiff interposed the following demurrer:

"Now comes the plaintiff in the above cause, by its undersigned attorney, and demurs to the third plea of defendant of the statute of limitations filed herein, and says that the same is bad in substance, and for points of law to be argued in support of this demurrer, said plaintiff states the following:

1. That the domicile of a foreign corporation is in the State under the laws of which it was organized and incorporated, and defendant is therefore a non-resident of

Roess v. The Malsby Company—Opinion of Court.

the State of Florida, and not entitled to invoke or rely upon the statute of limitations.

2. The mere fact that a corporation organized and existing under the laws of another State, and not under the laws of the State of Florida, may keep and maintain an agent in the State of Florida for the transaction of its customary business, and upon whom process could have been served under paragraph 5, of section 1406 of the General Statutes of the State of Florida, does not authorize or permit such foreign corporation to rely upon or plead to statute of limitation."

The following proceedings were then had:

"The sole question argued and submitted under the demurrer is whether a foreign corporation may plead and rely upon the statute of limitations in this State, the defendant contending that a foreign corporation doing business in this State, and having an agent in the State, upon whom service of process could be made, is just as much entitled to plead and rely upon the statute of limitations as would be a domestic corporation. This question, so far as this court is advised, has not been directly passed upon by the Supreme Court of this State; nor does it appear to have been raised in any case that has been called to the court's attention. The courts construing similar provisions of statutes are not at all in harmony, one line holding that a foreign corporation cannot invoke the statute of limitations, and the other line holding just as positively that it can. The abstract proposition that a foreign corporation cannot invoke the provisions of the statutes of limitations I cannot agree with. If such were the law, then we would have a condition providing for

2—Vol. 69.

the serving and bringing into court of a foreign corpora-
tion, through its local agents, to answer demands against
it, and then denying to it the other provisions of the
statute in answer to those demands upon the sole theory
that its domicile is out of the State.

It is ordered and adjudged that the said demurrer be,
and is, hereby overruled, to which ruling the plaintiff
excepts.

At the time of making this order the plaintiff being
present in court by his attorney, announced that the
plaintiff did not desire to make further reply to defend-
ant's third plea of the statute of limitations, and there-
upon declined and refused to join issue or to make repli-
cation to said third plea, and announced in open court
that the said plaintiff did not desire to join issue or reply
further to said plea, or to join issue upon or reply to the
first plea.

And it appearing to the court that by reason of plain-
tiff's refusal to join issue upon, or otherwise reply to
said pleas that said action cannot be tried, the said ruling
upon demurrer is therefore made final, and it is ordered
and adjudged that this action be and the same is hereby
dismissed at the cost of the plaintiff, and that the de-
fendant go hence without day, and recover its costs in
this behalf expended taxed by the Clerk at Two Dollars

Done and ordered at Chambers at Ocala, Florida, on
this 10th day of July, A. D. 1914.

W. S. Bullock, Judge."

As is agreed by the respective counsel for the parties
litigant the only point presented to us for determination

is as to whether or not a foreign corporation can plead the statute of limitations as a defense to an action in the courts of Florida. The plaintiff in error relies upon paragraph 4 of Section 1715 of the General Statutes of Florida, which reads as follows: "If, when the cause of action shall accrue against a person, he is out of the State, the action may be commenced within the term herein limited after his return to the State; and if after the cause of action shall have accrued he depart from the State, the time of his absence shall not be part of the time limited for the commencement of the action." The plaintiff in error contends that, as the quoted section makes no exception as to a corporation, under the provisions thereof a foreign corporation cannot plead the statute of limitations. The defendant in error contends that by reason of the fact that paragraph 5 of Section 1406 of the General Statutes of Florida provides for service of process upon an agent transacting business for a foreign corporation in this State, in the absence therefrom of certain enumerated officers, such foreign corporation is entitled to plead such statute. Paragraph 5 of Section 1406 is as follows: "If a foreign corporation shall have none of the foregoing officers or agents in this State, service may be made upon any agent transacting business for it in this State."

It is undoubtedly true, as stated by the Circuit Judge, that the authorities are in conflict upon this point. We shall not attempt the impossible task of reconciling them and neither shall we undertake to cite them all. After a careful consideration of all that have been cited to us by the respective counsel and of such others as we have been able to find we are of the opinion that the ruling

of the Circuit Judge was correct. As was well said in Wall v. Chicago & N. W. R. Co., 69 Iowa 498, text 501, 29 N. W. Rep. 427, "The theory of the statute of limitations is that it operates to bar all actions except as against persons and corporations upon whom notice of the action cannot be served because of their non-residence. If such notice can be served, and a personal judgment obtained which can be enforced in the mode provided by law, against the property of such person or corporation, wherever found, then such person or corporation is not a non-resident as contemplated by the statute of limitations." We would also call especial attention to the case of Volivar v. Richmond Cedar Works, 152 N. C. 656, 68 S. E. Rep. 200, 21 Ann Cas. 623, wherein the holding of the Iowa court which we have just quoted is approved and many authorities from other jurisdictions are cited to the same effect. Prior decisions of the North Carolina court to the contrary were overruled. In addition to the authorities which we have cited, cases upon either side of the question will be found in the notes on page 9 of 1 Ann. Cas., and page 624 of 21 Ann. Cas.

The judgment will be affirmed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.