129 So.2d 162 (1961)
Roy DIBBLE, Appellant,
v.
Sid W. JENSEN and Ruth Mark Jensen Cresse, formerly known as Ruth Mark Jensen, jointly and severally, Appellees.
No. 60-289.
District Court of Appeal of Florida. Third District.
April 20, 1961.
Rehearing Denied May 12, 1961.
I.R. Mayers, Miami, for appellant.
Fowler, White, Gillen, Humkey & Trenam and Phillip W. Knight, Miami, for appellees.
PER CURIAM.
The appellant, Roy Dibble, who was the plaintiff in the trial court, filed his complaint on January 4, 1960, against Sid W. Jensen and Ruth Mark Jensen Cresse, formerly known as Ruth Mark Jensen, who, at the time of the accrual of the cause of action, were husband and wife. The complaint alleged that the defendant, Sid W. Jensen, was a resident of Dade County, Florida, and this appeal is not directed to that defendant and he is not a party hereto. The complaint alleged that the defendant, Ruth Mark Jensen Cresse, is a resident of Woodbury, New Jersey, and further alleged that the said Ruth Mark Jensen Cresse was the owner and operator of a motor vehicle which collided on September 17, 1954, at Perry, Florida, with a motor vehicle being driven by the plaintiff with the consent of Sid W. Jensen and the plaintiff suffered damages as a result thereof.
The plaintiff further alleged that at the time the accident occurred, the defendants were husband and wife and were residents of Dade County, Florida; that subsequent to the accident, the defendant, Ruth Mark Jensen Cresse, formerly Ruth Mark Jensen, was divorced from the defendant, Sid W. Jensen, the exact date being unknown, and she then removed herself from the State of Florida and became a resident of the State of New Jersey; that since the date she became a resident of the State of New Jersey, she has not made herself available in the State of Florida for the service of process.
*163 The defendant, Ruth Mark Jensen Cresse, filed her answer admitting her non-residence in the State of Florida, the ownership and operation of the motor vehicle at the time and place alleged, her marital relationship with the defendant, Sid W. Jensen, at the time of the accident, their subsequent divorce and her later residence in the State of New Jersey. By way of affirmative defense, the defendant, Ruth Mark Jensen Cresse, alleged that plaintiff's cause of action was barred by the statute of limitations, § 95.11, Fla. Stat., F.S.A.
The defendant, Ruth Mark Jensen Cresse, moved for judgment on the pleadings. The plaintiff then filed an affidavit setting forth that the defendant, Ruth Mark Jensen Cresse, at the time the cause of action accrued, was a resident of the State of Florida but now she is a non-resident of the State of Florida residing in the State of New Jersey and that she has been a non-resident from approximately May, 1957; that due, diligent search and inquiry was made to discover the residence address and whereabouts of said defendant but that the same was unknown until after four years had passed from the date this action accrued and that there was no one within the State of Florida upon whom service of process would bind said defendant. The defendant's motion for judgment on the pleadings was granted upon the ground that the action was barred by the statute of limitations, § 95.11, supra. It is from this judgment that the plaintiff appeals.
The appellant's contention in the main is that since he could not perfect service of process upon the appellee prior to the running of the statute of limitations, and the fact that appellee's absence from the state tolled the statute (§ 95.07, Fla. Stat., F.S.A.) the trial judge was in error in entering the judgment appealed. The appellee contends that at all times subsequent to May, 1957, she was subject to service of process as a non-resident motor vehicle owner under § 47.29, Fla. Stat., F.S.A., and that the statute of limitations continued to run notwithstanding such absence from the State of Florida.
The fact that the appellee defendant was absent from the state did not deter the appellant from the institution of an action which would have tolled the statute of limitations if filed within the time provided by § 95.11, supra. Rule 1.2, Florida Rules of Civil Procedure, 30 F.S.A., provides: "Every suit of a civil nature shall be deemed as commenced when the complaint is filed." Since the repeal in 1955 of § 95.01, Fla. Stat., F.S.A., Rule 1.2, supra, has been considered as controlling on the question of the application of the statute of limitations to a cause of action. In Klosenski v. Flaherty, Fla. 1959, 116 So.2d 767, 769, the Supreme Court of Florida, speaking through Justice Roberts, said:
"It should be noted that, since the repeal of § 95.01, Fla. Stat., by Ch. 29737, Laws of Florida, Acts of 1955, F.S.A., the provisions of Rule 1.2, Fla.Rules Civ.Proc., are controlling, so that the statute of limitations is tolled by the filing of the complaint in a civil action."
Inasmuch as a complaint could have been filed by the appellant at any time before the running of the statute of limitations, without the necessity of obtaining service of process upon the appellee, it logically follows that his failure to do so within the statutory time would bar his cause of action.
We therefore conclude that the judgment appealed should be and it is hereby affirmed.
Affirmed.
HORTON, C.J., CARROLL, CHAS., J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.