183 So.2d 25 (1966)
W.W. FRIDAY, Appellant,
v.
Joseph NEWMAN a/k/a Joe Newman, Appellee.
No. 5501.
District Court of Appeal of Florida. Second District.
February 2, 1966.
Rehearing Denied February 21, 1966.
*26 Ronald Sales, of Sales & Houston, West Palm Beach, for appellant.
Bernard Arbuse, Palm Beach, for appellee.
SMITH, SHERMAN N., Jr., Associate Judge.
Plaintiff, W.W. Friday, filed his complaint on February 26, 1964 alleging that the defendant, Joseph Newman, assaulted him on March 25, 1960. Among other defenses, Newman alleged that the action was barred by the two year statute of limitations. The court sustained this defense and entered a final judgment for the defendant.
Four days after the alleged assault Newman left the state, became a resident of New York and remained absent between that time and the filing of the complaint, excepting only short interim periods totaling eight months when he was within the state. The statute of limitations on an action for assault and battery is two years. F.S.A. § 95.11(6). When a cause of action accrues against a person and he departs from the state, the time of his absence shall not be part of the time limited for the commencement of the action. F.S.A. § 95.07.
The trial court was of the view that the statute tolling the running of the statute of limitations should not be applied because of the rule announced in Dibble v. Jensen, Fla.App. 1961, 129 So.2d 162. While we agree that the decision of Dibble apparently so states, for the reasons hereinafter stated, we must decline to follow some of the statements made in that decision.
Prior to 1955 F.S.A. § 95.01 provided that an action was commenced for the purposes of the statute of limitations when the original process was delivered to the proper officer for service. Since the repeal of that statute in 1955, an action is commenced in Florida when the complaint is filed, Rule 1.2, Fla.R.Civ.P., 30 F.S.A., and the filing of a complaint now terminates the running of a statute of limitations. Klosenski v. Flaherty, Fla. 1959, 116 So.2d 767, 82 A.L.R.2d 664. Prior to the repeal of F.S.A. § 95.01 the tolling statute, F.S.A. § 95.07 was uniformly applied so that the time of a defendant's absence from the state was not counted in computing the statute of limitations. Seaver v. Stratton, 1937, 133 Fla. 183, 183 So. 335; Stephenson v. Stephenson, Fla. 1951, 52 So.2d 684 and 21 Fla.Jur. Limitation of Actions § 60.
As a general rule a tolling statute such as F.S.A. § 95.07 is not applied if a defendant could be served with process, either actual or substitute, in which event a defendant's absence from the state does not toll the running of the statute of limitations. Roess v. Malsby Co., 1915, 69 Fla. 15, 67 So. 226 and 21 Fla.Jur. Limitation of Actions § 61. See 119 A.L.R. 859. An action for assault and battery is in personam. Neither substitute nor constructive service of process were available to the plaintiff.
We are of the view that the change from the statute (providing that an action is commenced by delivering the original process to the server) to the rule (providing that an action is commenced when the complaint is filed) does not dictate a change in the application of the tolling statute, *27 F.S.A. § 95.07. It is our view that the law existing prior to the change should be applied subsequent to the change; that is, that the absence of a defendant from the state tolls the running of the statute of limitations except if service of process could be made on the defendant. We believe that this holding more nearly carries out the historic theory of a statute of limitations which is that it operates to bar all actions except as against persons upon whom process cannot be served because of their absence. If process can be served and judgment obtained which can be enforced, then such person is not absent as contemplated by the statute. Roess v. Malsby Co., supra.
We are well aware of the fact that the trial court was justified in concluding that the decision in Dibble is to the contrary. It should be noted that in Dibble the facts disclosed that the defendant was subject to service of process as a non-resident motor vehicle owner and thus the fact that the defendant was absent from the state was not a deterrent to the plaintiff from the institution of the action and the substitute service of process upon the defendant. Thus we agree with the judgment rendered in Dibble even though we cannot agree with those parts of the decision in Dibble which conclude that inasmuch as a complaint could have been filed, without the necessity of obtaining service of process, that the failure to file the complaint within the statutory period barred the action even in the absence of the defendant from the state. In the only decision citing Dibble, it was cited merely for the purpose of showing that if a person can be served with process, either actual or substitute, the statute of limitations is not tolled by defendant's absence from the state. Mathews v. Mathews, Fla.App. 1965, 177 So.2d 497. This is in accordance with the general rule, 54 C.J.S. Limitations of Actions § 212a and 94 A.L.R. 485.
We, therefore, hold that the trial court erred in its finding that the absence of the defendant from the state did not toll the statute of limitations in accordance with the provisions of F.S.A. § 95.07.
The judgment is reversed.
ALLEN, C.J., and ANDREWS, CHARLES O., Jr., Associate Judge, concur.