JOHNSON, Chief Judge.
The appellant herein has termed himself as “Petitioner” and this proceeding has been termed an Interlocutory Appeal and an Interlocutory Application for Writ of Certiorari. The Respondent has accepted these terms without question and responded as if to an application for a writ of certio-rari, but states his “point on interlocutory appeal.” However, the point of law raised as constituting error on the part of the lower court is: “Whether or not the court erred in denying the defendant’s motion to dismiss on the grounds that the cause of action was barred by the Statute of Limitations.”
Complaint was filed on April 19, 1963, by Respondent herein, as plaintiff below, wherein the plaintiff sued the defendant, appellant-petitioner herein in damages for certain paving of a filling station site in November and December 1960, pursuant to an oral contract. The record shows that a summons was not issued by the clerk of the court in which the complaint was filed, until June 4, 1969, and service had on June 6, 1969.
The defendant below filed his motion to dismiss the complaint and as one of the three grounds therefor alleged: “That the complaint affirmatively shows on its face that the plaintiff’s cause of action is barred by the Statute of Limitations.” This motion was denied and this appeal taken from such order.
Without attempting to enlighten the respective counsel as to the proper nomenclature for this proceeding, we will answer the question posed as error.
F.C.P. Rule 1.110(d), 30 F.S.A. provides, inter alia, as follows: “Affirmative de *448 fenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under Rule 1.140(b) * *
The motion to dismiss the complaint in this case alleged as the ground upon which this appeal is hinged, “That the complaint affirmatively shows on its face that the plaintiff’s cause of action is barred by the Statute of Limitations.” The motion limited its scope to the complaint only.
A reading of the complaint clearly shows that the same was filed within three years after the alleged accrual of the cause of action, which is the applicable Statute of Limitation for such claim — F.S. § 95.11(5) (c), F.S.A. Therefore the motion does not allege a correct statement of fact.
The briefs of petitioner-appellant dwells almost entirely on the question of lack of process for some several years and relies upon a decision of the Second District Court of Appeal of Florida in Friday v. Newman, 183 So.2d 25, as his authority that the filing of the complaint, without some explanation for obtaining service, does not toll the running of the statute. The appellee or respondent contends that the Friday case is not applicable but this case should be governed by Hawkins v. Bay County Publishers, Inc., 148 So.2d 561 (Fla.App. 1st, 1963) in which this court held that the defense of the statute of limitations should be by answer only, and not proper as a ground for a motion. We adhere to this decision as being the present law, except that, since said decision was rendered, the Rule has been changed so that now such affirmative defense may be made by motion, if it affirmatively appears on the face of the pleading. In the case sub judice such is not the case and therefore the application for writ of certiorari is denied, inasmuch as it appears that such defense should be raised by answer. The fact that service was not obtained until several years after the complaint was filed, appears in the record but not on the face of the complaint itself, and therefore cannot be considered by us in considering the order appealed from. Without determining the question at this time, however, but as some guide to the parties and the lower court, we are of the opinion that the historic theory of the statute of limitations as enunciated in Friday v. Newman, 183 So.2d 25, if properly presented and established should be controlling in disposition of this cause.
Certiorari denied.
WIGGINTON and SPECTOR, JJ., concur.