## MILES, et ux v. BRAND, et al.
### No. 73-2241-CA(L)-01.
Circuit Court, Palm Beach County.
October 10, 1974.

Richard W. Groner, West Palm Beach, for the plaintiffs.

Lake Lytal, Jr., West Palm Beach, for the defendants.

LEWIS KAPNER, Circuit Judge.

Plaintiffs filed a complaint in this action on November 2, 1973, two days prior to the expiration of the time under the statute of limitations. Service was not perfected against the insurance company until March 26, 1974; nor was it perfected against the individual defendants until August 7, 1974 and August 8, 1974.

No explanation for this delay is found in the record, but counsel for plaintiffs stated at the hearing that the individual defendants were out of the country and there was confusion over the proper name of the insurance company.

Defendants have raised the defense of statute of limitations and have moved for summary judgment. Counsel for defendants contend that the filing of the complaint, without service of process within a reasonable time, does not toll the running of the statute and he cites Pitts v. City of Miami, (3rd DCA, 1973) 276 So. 2d 67, a per curiam affirmance, and Williams v. Covell, (1st DCA, 1972) 236 So. 2d 447.

Williams v. Covell involved a complaint filed within the statutory period, but not served until several years *after* the filing of the complaint. Defendant there, like defendants here, contended that the filing of a complaint, without some explanation for failure to obtain service within a reasonable time, did not toll the running of the statute. Defendant there moved to dismiss. The trial court denied that motion and the appellate court denied certiorari on the procedural grounds that the complaint, on its face, was filed within the proper period. On the merits of the issue, the court said —

> "Without determining the question at this time, however, but as some guide to the parties and the lower court, we are of the opinion that the historic theory of the statute of limitations as enunciated in Friday v. Newman, 183 So. 2d 25, if properly presented and established should be controlling in disposition of this cause."

Friday v. Newman, supra, did not hold that a defendant must be *served* within the time set forth in the statute of limitations. That case held that if a person can be served with process, the statute of limitations is not tolled merely by his absence from the state. *Friday* noted the procedure in the 1955 law provided that an action was commenced for the purpose of the statute upon service but this law was changed to provide that the action is "commenced" when the complaint is filed. This change, however, did not alter the method of determining when the statute could be tolled, but only what constitutes commencement of the action. Thus, in the instant case, the action was "commenced" when the complaint was filed, and this was clearly within the time limitation provided by law.

Whether plaintiffs were justified in not serving defendants within a reasonable time might be relevant upon a motion to dismiss for lack of prosecution where the lack of service was for a period of more than one year, but not with respect to the statute of limitations issue.

It is thereupon ordered that defendants' motion for summary judgment is denied.