319 So.2d 645 (1975)
Linda Sheryl ROBB, As Administratrix of the Estate of Josephine Dineen Robb, Deceased, and Kenneth J. Robb, Individually and As the Parent, Natural Guardian and Next Friend of Kurt Robb, a Minor, Appellants,
v.
Joseph PICARELLI, and Liberty Mutual Insurance Company, a Foreign Corporation, Appellees.
No. 74-1511.
District Court of Appeal of Florida, Third District.
October 7, 1975.
*646 Abramson, Scremin, Mendigutia & Libman, Miami, for appellants.
Sam Daniels, Miami, Richard E. Hardwick, Coral Gables, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Appellants, plaintiffs in the trial court, appeal an order dismissing their complaint with prejudice.
On October 2, 1973 plaintiffs filed an amended complaint against the defendants Joseph Picarelli and his liability insurer, Liberty Mutual Insurance Company, for injuries arising out of an automobile accident due to the alleged negligence of Picarelli. Plaintiffs utilized §§ 48.161, 48.171, Fla. Stat., F.S.A. in order to effect service of process upon the defendant Picarelli who the plaintiffs alleged was concealing himself to avoid service of process. Defendant Liberty Mutual Insurance Company moved to dismiss the cause as to it on the grounds, inter alia, that no service of process was obtained on the insured, Joseph Picarelli, and under the applicable law plaintiffs could not maintain their suit solely against the defendant insurance company. After hearing argument of counsel on this motion, the trial judge deferred his ruling thereon. Plaintiffs continued to make diligent search and inquiry as to the whereabouts of Joseph Picarelli, but were unable to locate him. On October 3, 1974 the trial judge entered the following order:
"ORDER GRANTING MOTION TO DISMISS
"Upon hearing argument by counsel for the respective parties herein, and it appearing that the Plaintiff has failed to obtain service upon the Defendant, JOSEPH PICARELLI, over approximately an eight-month period, and the Statute of Limitations having run in this cause, it is
"ORDERED AND ADJUDGED, as follows:
"1. This cause is hereby dismissed as to the Plaintiffs with prejudice."
* * * * * *
Plaintiffs appeal therefrom. We reverse.
One seeking to effect service under §§ 48.161 and 48.171, Fla. Stat. has the burden of presenting facts which clearly justifies its applicability and this burden is met if such facts appear from a consideration of the entire record. Fernandez v. Chamberlain, Fla.App. 1967, 201 So.2d 781. Further, if a defendant owner or operator conceals his whereabouts and makes it impossible for an aggrieved party to serve him with notice by registered mail as provided by the statute and such aggrieved party shows that he has used due diligence in endeavoring to make service, this will not prevent the court from obtaining jurisdiction over such owner or operator. Steedman v. Polero, Fla.App. 1965, 181 So.2d 202; Fernandez, supra; Richardson v. Williams, Fla.App. 1967, 201 So.2d 900.
A review of the record in the cause before us demonstrates that after plaintiffs unsuccessfully attempted to serve defendant Picarelli at his last known address, they conducted an investigation which established the fact that Picarelli was concealing his whereabouts. Thereupon, plaintiffs filed the instant amended complaint along with the issuance of a *647 summons with the Secretary of State. A certified copy thereof was sent by registered mail (return receipt requested) to Picarelli's last known address. Counsel for plaintiffs also filed an affidavit of compliance with §§ 48.161, 48.171, Fla. Stat. The record is replete with evidence as to the efforts to locate Picarelli such as the employment of private detectives and the checking of the Florida Registry of Motor Vehicles, the National Crime Center and various local police departments. Plaintiffs even contacted in New York Picarelli's father, who alleged he had not heard from or seen his son in 18 months. We conclude that although plaintiffs did not serve notice to defendant Picarelli by registered mail under the prevailing law cited hereinabove, the trial court obtained jurisdiction over the defendants. Therefore, the trial judge was in error in dismissing the cause with prejudice as to the plaintiffs on the grounds that plaintiffs failed to obtain service upon Picarelli. The dismissal on the grounds that the statute of limitations had run also was erroneous as the filing of the complaint tolled the running thereof and thereafter plaintiffs exercised due diligence in attempting to serve Picarelli. See Friday v. Newman, Fla. App. 1966, 183 So.2d 25 and cases cited therein.
For the reasons stated hereinabove and upon the authorities cited, the order of dismissal is reversed and the cause remanded to the trial court to reinstate plaintiffs' complaint.
It is so ordered.
PEARSON, Judge (concurring specially and dissenting in part).
I would concur fully in the opinion of the majority if it were not for the fact that appellant filed his notice of appeal prior to securing a ruling on his petition for rehearing. Under the unfortunate state of the record, I concur in the reversal of the order dated October 3, 1974, which dismissed the complaint with prejudice and I would remand the case for the purpose of allowing the plaintiffs to establish service pursuant to §§ 48.161 and 48.171, Florida Statutes.