328 So.2d 458 (1976)
Jeff Allen WILSON, Appellant,
v.
Oscar KANTER, Appellee.
No. 75-686.
District Court of Appeal of Florida, Fourth District.
March 12, 1976.
Al Frier, West Palm Beach, for appellant.
Frank W. Weathers, of Weathers & Narkier, P.A., West Palm Beach, for appellee.
MORROW, RUSSELL O., Associate Judge.
This is a timely appeal by the plaintiff-appellant from a final summary judgment for the defendant-appellee in a personal injury action arising out of a motor vehicle accident which occurred on June 19, 1969. Suit was filed June 20, 1973 one day after the Statute of Limitations had run. The appellee was a resident of Florida at the time of the accident but later became a nonresident.
The question presented is whether the Statute of Limitations was tolled by reason of the absence of the defendant from the State of Florida. The trial court entered final judgment for the defendant, holding the statute was not tolled.
Florida Statute § 95.07 (now repealed) provided,
"... and if after the cause of action shall have accrued he departs from the state, the time of his absence shall not be part of the time limited for the commencement of the action."
The plaintiff contends said Statute is clear and unambiguous and does toll the time of limitation within which an action may be brought.
*459 When another statute comes into play, the effectiveness of each on the other must be determined. In this case Florida Statute 48.171 "Service on nonresident motor vehicle owners, etc." is applicable. In Matthews v. Matthews, 177 So.2d 497 (Fla.App.2d, 1965), a fraud action, the court held that the defendant's absence from the state did not toll the running of the statute of limitations because she was amenable to substituted service of process. Dibble v. Jensen, 129 So.2d 162 (Fla.App. 3d, 1961), holds that when defendant became a nonresident of Florida she was amenable to service of process and the statute of limitations was not tolled. However, the complaint herein was not filed within the statutory time. In an earlier case Roess v. Malsby Co., 69 Fla. 15, 67 So. 226 (1915), the court held that if notice of action can be served on a nonresident person or corporation such person or corporation is not a nonresident as contemplated by the statute in question. The plaintiff did not file suit within the statute of limitations and was barred thereby.
AFFIRMED.
WALDEN, C.J., and DOWNEY, J., concur.