**Randolph FERNON and Susan Fernon, his wife, Plaintiffs,**

v.

**E. L. ITKIN, Defendant.**

**No. 75–245 Civ–T–H.**

United States District Court,
M. D. Florida,
Tampa Division.

Feb. 11, 1977.

**2**

Britt Whitaker, Tampa, Fla., for plaintiffs.

Wm. Duane Wood, III, St. Petersburg, Fla., for defendant.

## ORDER

HODGES, District Judge.

This is a medical malpractice action in which compensatory and punitive damages are sought for alleged negligence in connection with a vasectomy performed on Plaintiff Randolph Fernon by Defendant Itkin. On December 28, 1976 the Court heard argument on Defendant's motion for summary judgment predicated upon the Statute of Limitations.

The facts undisputed by Plaintiffs reveal that on August 26, 1970 Defendant Itkin performed a vasectomy operation on Plaintiff Randolph Fernon. (Deposition of Randolph Fernon, filed September 18, 1975, p. 17; Deposition of Susanna Fernon, filed August 7, 1975, pp. 8–10). Mrs. Fernon learned of the operation on the day it was performed. (Susanna, at 10). Within twenty-four hours of the operation Mr. Fernon felt post-operative pain (burning in the abdomen) which he did not expect. (Randolph, at 26–28). He did associate this pain with the operation and it caused him to become "disenchanted" with the vasectomy. (Id.). The pain (including bladder pain) became so unbearable that in September of 1970 Mr. Fernon contacted Dr. Itkin's office in an attempt to obtain post-operative care. (Id. at 31–33). However, Dr. Itkin would not see him (Id.); and by the end of October, 1970, Mr. Fernon "had given up trying" to see Dr. Itkin. (Id. at 39). By January 20, 1971 Mr. Fernon was aware of burning pain on either side of the scrotum after intercourse, (Deposition of Dr. Hochberg, filed June 15, 1976, pp. 7–8) and he felt that this pain was caused by the operation. (Id. at 11).

In May of 1972 Plaintiffs sued Dr. Itkin and two other Defendants in State court on the same grounds alleged in this action: (1) failure to obtain a medical history of Randolph Fernon in advance of the operation; (2) negligent performance of the operation; (3) refusal to provide post-operative medical attention; and (4) absence of informed consent. (Exhibit I to Defendant's motion for summary judgment filed November 17, 1975). As Dr. Itkin was not a resident of Florida when the State court action was filed, Plaintiffs served the Secretary of the State of Florida and filed an affidavit of counsel which stated that Plaintiffs were unable to ascertain Dr. Itkin's whereabouts, and that copies of the Summons, Complaint and Notice of Service on the Secretary of State had been sent to Dr. Itkin by certified mail, return receipt requested, but had been returned marked "addressee unknown." The State court action was dismissed upon stipulation as to the other two Defendants. (Its disposition, if any, as to Defendant Itkin is disputed in this case.)

In his memo in support of the renewed motion for summary judgment, Defendant argues that Plaintiffs knew of their cause of action no later than May 15, 1972, the date on which the State court action was filed; and, therefore, under *Foley v. Morris*, 325 So.2d 37 (2d D.C.A.Fla.1976), the two year limitations period applicable to this cause had expired prior to the filing of the instant complaint. However, as counsel candidly advised the Court, *Foley* was reversed by the Florida Supreme Court, making the four year limitation period contained in *Fla.Stat.* § 95.11(4) (1971) applicable to this cause. *See Foley v. Morris*, 339 So.2d 215 (Fla.1976). Nevertheless, Defendant stands on his motion, arguing that Plaintiffs' knowledge as of January 20, 1971 was sufficient to charge them with notice of their cause of action. Plaintiffs do not challenge January 20, 1971 as the starting date of the limitations period. Rather, they contend that either (1) the filing of the State court action or (2) Defendant's absence from the State (or concealment of his whereabouts), served to toll the running of the Statute of Limitations.

The Court has examined the depositions and answers to interrogatories, and the authorities cited by counsel, and has concluded that Defendant is entitled to summary judgment on the ground that this cause is time barred.

■ To the extent that Plaintiff Randolph Fernon's claims are severable, he was aware of the failure to obtain a preoperative medical history as of the time the operation was performed; he was aware of Dr. Itkin's refusal to provide post-operative treatment by October of 1970, when he "gave up" trying to see Dr. Itkin; and, under the standards announced in *Nardone v. Reynolds*, 333 So.2d 25 (Fla.1976), *City of Miami v. Brooks*, 70 So.2d 306 (Fla.1954), and *Vilord v. Jenkins*, 226 So.2d 245 (2d D.C.A.Fla.1969), he was sufficiently aware of the adverse consequences of the operation to trigger notice of the negligent character of the treatment, and the inadequacy of the consent obtained, by January 20, 1971. As to Plaintiff Susanna Fernon, she was aware that the vasectomy operation had been performed without her consent on August 26, 1970. Thus, the Statute of Limitations began to run by January 20, 1971.

■ Plaintiffs' argument that the Statute of Limitations was tolled during the period that Dr. Itkin was absent from the State (or concealing his whereabouts) is unpersuasive under the facts of this case. Although *Fla.Stat.* § 95.07 (1971) does state that the Statute of Limitations shall not run during the period that a defendant is outside the State (or concealing himself), that statute is inapplicable, and thus no tolling occurs, where the out-of-state (or concealed) Defendant is amenable to service of process. *Friday v. Newman*, 183 So.2d 25, 26 (2d D.C.A.Fla.1966); *Roess v. Malsby Co.*, 69 Fla. 15, 67 So. 226 (1915); *see also Fla.Stat.* § 95.051 (1975). Defendant Itkin's affidavit (filed September 18, 1975) shows that he was "doing business" in Florida at the time of the alleged malpractice, and was therefore amenable to service of process under *Fla.Stat.* § 48.181. *Devaney v. Rumsch*, 228 So.2d 904 (Fla.1969); *see also Robb v. Picarelli*, 319 So.2d 645 (3d D.C.A.

Fla.1975) and *Richardson v. Williams*, 201 So.2d 900 (2d D.C.A.Fla.1967) (both holding that Plaintiff's inability to mail a copy of the process to the Defendant—a technical requirement of the Long Arm Statute—because of Defendant's concealment of himself or refusal to accept mail does not prevent the Court from obtaining jurisdiction over the Defendant). Accordingly, Defendant Itkin's absence from the State (or concealment) has no bearing on the limitation period.

■ Plaintiffs also contend that the Statute of Limitations, as it applies to this cause, was tolled during the pendency of the State court action. In support they cite Florida cases stating that the filing of a complaint tolls the Statute of Limitations. *E. g., Dibble v. Jensen*, 129 So.2d 162, 163 (3rd D.C.A.Fla.1961); *Robb v. Picarelli*, 319 So.2d 645, 647 (3d D.C.A.Fla.1975). However, these cases were merely concerned with whether the date on which the complaint is filed, or the date on which the defendant is served, is the crucial date for determining the timeliness of *that* action; they do not address, either explicitly or implicitly, the tolling effect of an earlier complaint "A" on the limitations period applicable to a later suit "B". (*See Friday v. Newman*, 183 So.2d 25, 26 (2d D.C.A.Fla. 1966), also cited by Plaintiffs, wherein it is stated that the filing of the complaint "terminates"—not "tolls"—the running of the statute of limitations.) Therefore, these decisions are inapposite to the issue *sub judice*: the tolling effect, if any, of a pending action upon the Statute of Limitations as it pertains to a different lawsuit.

To ascribe a blanket tolling effect to the State court action would be inconsistent with the line of Florida cases holding that a complaint which is voluntarily dismissed has no effect on the limitations period applicable to a subsequent action asserting the same claim. *Barrentine v. Vulcan Materials Co.*, 216 So.2d 59, 61 (1st D.C.A.Fla. 1968); *Hamilton v. Largo Paint & Decorating, Inc.*, 335 So.2d 623, 624 (2d D.C.A.Fla. 1976). Rather, the proper scope of a prior action's tolling effect is that the time during which such cause is pending will be deleted from the limitation period applica-

4

ble to a different action only where the existence of the former *prevents* the pursuit or exercise of the latter remedy. *Du-Pont v. Parker and Co.*, 190 So.2d 388, 391 (3d D.C.A.Fla.1966). *See also* 54 C.J.S. Limitations of Actions § 247. As this is an *in personam* claim involving citizens of different states, the Florida and Federal courts have concurrent jurisdiction, and the pendency of the State court action did not prevent Plaintiffs from instituting and prosecuting this cause. 1A Moore's Federal Practice, ¶ 0.221 at pp. 2605–2606 (2d ed. 1974). Therefore, the Statute of Limitations, as it relates to this cause, was not tolled during the period that the State court action was pending. 54 C.J.S. Limitations of Actions § 247, at p. 280.

The undisputed facts material to Defendant's limitations defense being sufficient to establish that Plaintiffs' cause of action arose on or before January 20, 1971, more than four years prior to the filing of this cause, and the Court having concluded that neither the filing of the State court action nor Defendant's absence from the State of Florida served to toll the running of the Statute of Limitations, this cause is time-barred. Accordingly, it is

ORDERED and ADJUDGED:

1. Defendant's motion for summary judgment grounded upon the Statute of Limitations is GRANTED.