DOWNEY, Chief Judge.
On October 1, 1975, appellant filed a complaint against appellees for damages arising out of an automobile accident which occurred in Lake Worth, Florida, on October 3, 1970. After appellant filed an amended complaint, appellees filed an answer which included an affirmative defense of the statute of limitations. Appellees then filed a motion for summary judgment, without filing any proof in support of the motion. Appellant filed opposing affidavits containing, for the most part, incompetent statements. The trial judge granted summary judgment for appellees and appellant perfected this appeal.
We are unable to find adequate support in the record to demonstrate that there is no genuine issue of material fact involved in this case. Specifically, the record does not adequately show whether or not the defendant-appellee Landers was a resident of Florida. Landers’s residential status is crucial to the outcome of appellees’ motion for summary judgment, for if at the time of the accident Landers was not a resident of Florida, or he became a nonresident after the accident, or he has been concealing his whereabouts since the accident, then he would have been subject to substituted serT vice of process under Section 48.171, Florida Statutes (1969); and the statutory period for appellant’s filing of a complaint may well have expired. On the other hand, if Landers was a resident of Florida throughout the period between the date of the accident and the filing of the original complaint, and if he has not been concealing his whereabouts, the periods of his absence from the state would have tolled the running of the statute of limitations and the statutory period may well not have expired. Section 95.07, Florida Statutes (1969). Since Landers’s residential status was in doubt, appellees, as the movants for summary judgment, failed to adequately demonstrate the nonexistence of all genuine issues of material fact.
Appellees contend that the filing of a complaint tolls the running of statutes of limitation, and since appellant could have filed suit at any time during the four year period in accordance with Section 95.11(4), Florida Statutes (1969), appellant’s failure to file a complaint within four years of the accident bars appellant from maintaining her action. We disagree. While Dibble v. Jansen, 129 So.2d 162 (Fla. 3d DCA 1961), *674 seems to support appellees’ position, we cannot, for the reasons set forth in Friday v. Newman, 183 So.2d 25 (Fla. 2d DCA 1966), accept that position. As the Friday court pointed out, a defendant’s absence from the state of Florida tolls the applicable statute of limitations only if the defendant is not amenable to the service of process. In the present case, appellees did not demonstrate that Landers was not amenable to the service of process during the interval between the accident and the filing of appellant’s original complaint. As indicated above, this failure required denial of appellees’ motion for summary judgment.
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
CROSS, J., and SCHWARTZ, ALAN R., Associate Judge, concur.