472 So.2d 827 (1985)
Dalton JOURNELL, Appellant,
v.
Alfred VITANZO, Appellee.
No. 84-2062.
District Court of Appeal of Florida, Fourth District.
July 10, 1985.
*828 Marilyn A. Martin of Fazio, Dawson & DiSalvo, Fort Lauderdale, for appellant.
Ruth E. Gevertz of Kopplow & Flynn, P.A., Miami, for appellee.
DOWNEY, Judge.
Appellee, Alfred Vitanzo, Jr., sued appellants, Dalton D. Journell and Industrial Fire and Casualty Insurance Company, to recover damages sustained in an automobile accident. From an order denying their motion to quash and dismiss service of process appellants have perfected this nonfinal appeal.
Three points have been presented for our consideration; however, the first point requires reversal so we decline to reach the others.
Appellee filed an amended complaint in which he alleged that appellant, Journell, was a resident of Broward County. When personal service of process was not successfully accomplished, appellee filed an affidavit in which he stated that Journell was a non-resident of the State of Florida. Another affidavit of counsel for appellee states that he had made diligent search to locate Journell and his last known address was 3650 S.W. 13th Court, Fort Lauderdale, but Journell had moved and left no forwarding address. Later, appellee filed an affidavit of compliance by serving the secretary of state and notice of return of service on Journell through the secretary of state. Appellant moved to quash and dismiss service of process, which was denied.
In order to constitute the secretary of state as agent for a defendant motor vehicle owner or operator the plaintiff must allege in his complaint that the defendant was a non-resident, or a resident of Florida who subsequently became a non-resident, or a resident of Florida concealing his whereabouts. § 48.171, Fla. Stat. (1982); Turcotte v. Graves, 374 So.2d 641 (Fla. 4th DCA 1979); Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978). In the case at bar appellee's complaint alleged Journell was a resident of Broward County, Florida. Such an allegation required personal service of process in order to obtain jurisdiction over the defendant.
Appellee contends that Robb v. Picarelli, 319 So.2d 645 (Fla. 3d DCA 1975) requires that service in this case be approved because appellee filed an affidavit in the record stating Journell was a non-resident and Robb authorizes the court to consider the entire record. While that statement is made in Robb, the record in Robb shows that the plaintiff filed an amended complaint alleging the defendant was concealing his whereabouts. Both the amended complaint and summons were then served on the secretary of state.
The jurisdictional allegations must appear in the complaint. Appellee's amended complaint contained allegations requiring personal service of process and that is fatal to his entitlement to substituted service of process here.
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED, with directions.
ANSTEAD and DELL, JJ., concur.