498 So.2d 501 (1986)
ATTACHE RESORT MOTEL, LTD., a California Limited Partnership, Harvey Cohen, Doreen Kates, As Personal Representative of the Estate of Howard M. Kates, Deceased, and Robert Sherman, Appellants,
v.
Leonard KAPLAN, Appellee.
Nos. 85-321, 85-322.
District Court of Appeal of Florida, Third District.
November 12, 1986.
Rehearing Denied December 23, 1986.
Neil A. Shanzer, Miami, for appellant Attache Resort Motel, Ltd.
Weintraub & Rosen and Michael Rosen, Miami, for appellants Harvey Cohen, Doreen Kates and Robert Sherman.
Kaplan & Kusnick and Norman D. Kaplan, Sunrise, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
*502 FERGUSON, Judge.
These appeals are brought by Attache Resort Motel, a limited partnership, and three of its general partners from a final judgment rendered in favor of defendant Kaplan on his counterclaim.
The substantive question is whether a limited partnership may bring and maintain an action in the fictitious name of the partnership and consent to a judgment on defendant's counterclaim without exposing the general partners to liability on the counterclaim where the general partners are not served with process. The substantive question need not be addressed, however, as we find a procedural question dispositive, i.e., whether the statute of limitations barred the filing of Kaplan's counterclaim.
Attache Resort Motel, Ltd. (Attache), a California limited partnership, owned and operated the Attache Resort Motel in Hollywood, Florida. Cohen, Kates, and Sherman, the general partners of Attache, are all residents of California. On March 8, 1979, Leonard Kaplan entered into an employment contract with Attache. On or about November 30, 1979, he bought an interest in the limited partnership on an installment purchase plan. After a dispute arose out of that purchase, Kaplan filed a complaint in federal court on January 23, 1980, against Attache and the three general partners alleging fraud, violation of federal and state securities laws, and breaches of contract, implied warranty, and fiduciary duty.[1]
On November 19, 1981, with Kaplan's federal suit still pending, the limited partnership, Attache, sued Kaplan in state court seeking to recover the balance due on the limited partnership interest purchased by Kaplan. The general partners were not plaintiffs in Attache's lawsuit. On March 22, 1982, Kaplan counterclaimed against Attache, as plaintiff/counterdefendant, and against the general partners, individually and in their representative capacities as "counterdefendants/third parties," on the same theories as the suit brought in federal court except for a claim under the federal securities laws. An amended counterclaim was filed on July 5, 1983. The general partners were not served with either the original or amended counterclaim.
The state court judge conditioned continuation of the state action on a dismissal of identical claims pending in the federal action. Kaplan, accordingly, dismissed his federal suit and proceeded on the counterclaim in state court. An order was entered by the state court judge on stipulation by the parties, Attache and Kaplan, that the matters of discovery in the federal case would be adopted in the state case.
Attache filed two motions to dismiss the counterclaim alleging, inter alia, a statute of limitations defense under section 95.11(4)(e), Florida Statutes (1981).[2] In the motion filed on August 8, 1983, Attache argued that the filing of the federal action on January 23, 1980, which also alleged a violation under chapter 517, Florida Statutes (1981), was evidence that Kaplan had discovered the facts giving rise to his state court counterclaim more than two years before he filed that claim on March 22, 1982. Both motions were denied as to the statute of limitations defense. Attache repeated that defense in its separate answer and affirmative defenses to the counterclaim. Kaplan replied that he did not voluntarily *503 dismiss the federal action but was required to do so by the court as a condition precedent "to pleading or defending a motion by Plaintiff."
Prior to trial Kaplan moved for a default against the general partners. At the hearing on the motion, a successor state judge denied the default against the general partners because they had never been served in the state action and were not parties in the case. The trial court rejected Kaplan's argument that the parties agreed in the stipulation order to the general partners' participation in the state action. Attache, as the limited partnership, then voluntarily dismissed its complaint, waived trial by jury, and consented to entry of a judgment of liability for Kaplan on the counterclaim. The case proceeded to trial on the issue of damages only.
The successor judge entered judgment in the amount of $500,650 against the limited partnership and the general partners, holding that although service of process had not been effected upon the general partners in the state action, the partners, nevertheless, were jointly liable with the limited partnership because "this matter had previously been in Federal Court where service was effected upon plaintiff [Attache] and the individual general partners and that case was subsequently adopted by stipulation of parties and approved in toto by order of [the predecessor judge]." Both the limited partnership and its partners appeal.
Attache contends that the trial court "lacked subject matter jurisdiction" over count I of Kaplan's counterclaim, which alleged a violation under the state securities statute, chapter 517, because the statute of limitations period set forth in section 95.11(4)(e), had expired.
Kaplan counters that the commencement of the federal action tolled the statute of limitations. He argues that the trial court's order denying the motion to dismiss was correct because dismissal of the federal action was pursuant to the state court's order.
Neither subject matter jurisdiction or waiver are issues in this appeal. That an action has become time-barred does not mean that the court is automatically divested of its inherent power to deal with the general subject matter. Although the statute of limitations is a waivable procedural bar to prosecuting a claim, Aboandandolo v. Vonella, 88 So.2d 282 (Fla. 1956) (unlike subject matter jurisdiction which cannot be waived, Wilds v. Permenter, 228 So.2d 408 (Fla. 4th DCA 1969)), clearly, in this case, there was no waiver, consent or failure to object. Attache raised the statute of limitations defense by both timely motions to dismiss and as an affirmative defense. The single issue we need address, more narrowly drawn, is whether the statute of limitations was tolled by the earlier federal action.
Although the filing of the federal action did initially toll the running of the statute of limitations, the subsequent voluntary dismissal of the federal action had the effect of placing the parties in a position as if the suit had never been filed. See Kington v. United States, 396 F.2d 9, 10 (6th Cir.), cert. denied, 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968); Humphreys v. United States, 272 F.2d 411, 412 (9th Cir.1959). The court in Humphreys, 272 F.2d at 412 n. 1 (quoting 34 Am.Jur. Limitation of Actions § 281 (currently 51 Am.Jur.2d Limitation of Actions § 311, at 813 (1970))), summarized this principle as follows:
In the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him and if, before he commences a new action after having become nonsuited or having had his action abated or dismissed, the limitation runs, the right to a new action is barred.
See also Haislip v. Riggs, 534 F. Supp. 95, 98 (W.D.N.C. 1981); 9 Wright & Miller, Federal Practice and Procedure § 2367 (1971).
*504 There was no transfer of the federal action to the state action in an unchanged condition, as Kaplan argues. The order on the stipulation between Attache and Kaplan adopted only "the discovery, orders and findings of fact and law" from the federal action. Furthermore, the trial court did not order, indeed could not have ordered, Kaplan to dismiss his federal action. It merely conditioned proceeding with the state action on a dismissal of identical claims pending in the federal action. The fact that Kaplan's state counterclaim was filed before the federal action was voluntarily dismissed is of no procedural significance. Absent a transfer of the federal action to the state forum, prior to its dismissal, there was no continuity between the timely filed federal action and the untimely state counterclaim as would prevent a triggering of the limiting statute.
We therefore agree with Attache that because Kaplan's counterclaim in the state court was filed more than two years after the cause of action accrued, it was barred by section 95.11(4)(e) and should have been dismissed.
The judgment against the limited partnership and general partners is REVERSED.
NOTES
[1] The complaint more specifically alleged, as to violations of the state and federal securities laws, that the general partners, in inducing Kaplan to enter into the employment contract on March 8, 1979, concealed or failed to furnish Kaplan with the partnership agreement which, if disclosed, would have revealed pertinent facts regarding the partnership's liabilities.
[2] Section 95.11(4)(e) provides:

Actions other than for recovery of real property shall be commenced as follows:
* * * * * *
(4) WITHIN TWO YEARS. 
* * * * * *
(e) An action founded upon a violation of any provision of chapter 517 with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, but not more than 5 years from the date such violation occurred.