SHIVERS, Judge.
The employer/carrier (E/C) in this workers’ compensation case appeal orders denying their motion to dismiss claim for lack of record activity and finding the claim was not barred by the statute of limitations. We reverse each of the findings, for the reasons set out below.
Claimant originally filed a claim for temporary total disability and medical benefits in April of 1981, after a February 18, 1981 industrial accident. Some time after the filing of her first claim, claimant’s attorney, Clifton Howell, withdrew from representation and was substituted by attorney Marvin Woods. Woods filed a second claim in November of 1982 seeking additional benefits, but apparently no hearing was requested. On July 28, 1983, Woods sent claimant a letter by certified mail, stating:
This will confirm our office conversation that we do not intend to proceed further with your claim in view of the adverse medical reports. As I explained to you, you only have two years from the last payment of compensation or medical treatment furnished by the employer/carrier on your claim. Our file reflects that we have filed a claim for you on November 22, 1982, which claim is still in existence. If you plan on doing anything about this I would suggest to you that you immediately contact another lawyer since this claim is subject to be dismissed for failure to prosecute.
Woods and the claimant then exchanged a stipulation agreeing to Woods’ withdrawal as counsel, which the deputy commissioner approved by order dated August 9, 1983. Despite Woods’ warning to proceed immediately, claimant waited until sometime in 1985 to hire her next attorney, James Hess.
In May of 1985, the E/C filed a motion to dismiss both the 1981 and 1982 claims pursuant to Rule 4.110(b), Workers’ Compensation Rules, alleging that no record activity had occurred on the claims for more than one year. After a hearing on the motion, Deputy Commissioner Charles Hurt entered an order finding that no action had been taken on the file for more than one year prior to the filing of the motion to dismiss, but nonetheless denying the motion on the grounds that “the statute of limitations may well have run with respect to claimant’s claim should the motion be granted.” The E/C appealed Deputy Commissioner Hurt’s order to this court; however, because several documents and a portion of the transcript were unable to be located, the court granted the E/C’s request for a hearing de novo on the motion to dismiss. After the hearing, Deputy Commissioner Hurt issued a second order, again denying the motion to dismiss on the basis that the statute of limitations would have run if the claim were dismissed, but adding as a second reason that the carrier’s failure to follow up on the recommendations of Dr. Earp, an orthopedic surgeon who examined claimant in 1983, constituted good cause to deny the motion to dismiss. The E/C appealed Deputy Commissioner Hurt’s second order as well. This court consolidated the two appeals and entered an order in November of 1986 finding the appeals to have been taken from nonap-pealable interlocutory orders and dismissing them without prejudice to challenge the denial of the motion to dismiss on appeal from a final order.
In January of 1987, Attorney Hess filed yet another claim, which was set for hearing before Deputy Commissioner Charles Vocelle. The E/C again argued that any pending claims should be dismissed for lack of record activity, and also took the position that the 1987 claim was barred by the statute of limitations. Deputy Commissioner Vocelle entered a final order in August of 1987 granting the requested benefits and finding, in response to the E/C’s defenses, (1) that it could not be affirmatively established that no record activity had taken place in claimant’s file for more than one year since the deputy commissioner’s records existed only as far back as July 11, 1985; (2) that, as Deputy Commissioner Hurt previously found in his 1986 order, the E/C’s failure to inform claimant of Dr. Earp’s recommendations constituted good cause for denying the E/C’s motion to dismiss the claim; and (3) that since there still existed a pending claim which had never been addressed, resolved, or acted upon, *495 the 1987 claim was timely and was not barred by the statute of limitations.
The E/C appeal Deputy Commissioner Hurt’s denial of the motion to dismiss the 1981 and 1982 claims in both his 1985 and 1986 orders, and Deputy Commissioner Vo-celle’s rulings in the final order that the motion to dismiss was properly denied and that the 1987 claim was not barred by the statute of limitations.
Initially, we note that the 1986 order, issued after this court granted the E/C’s request for a hearing de novo, replaced the 1985 order which could not be reviewed on appeal because of the missing portions of the record and transcript. Therefore, the 1985 order may not be addressed on appeal. However, we reverse the 1986 order, which has now become appealable due to the entry of Deputy Commissioner Vocelle’s final order. Rule 4.110(b), Workers’ Compensation Rules, provides that any claim in which it affirmatively appears that no action has been taken for a period of one year shall be dismissed by the deputy commissioner “unless a party shows good cause why the claim or petition should remain pending.” Since Deputy Commissioner Hurt found in the 1985 order that there had been no record activity for one year prior to the E/C’s filing of their motion to dismiss, and since that finding has not been appealed, the only questions before this court regarding the 1986 order are whether either the possible running of the statute of limitations or the E/C’s failure to follow up on Dr. Earp’s recommendation constitute “good cause” under Rule 4.110(b).
As to the first question, we note that there are a number of cases holding that the running of the statute of limitations does not constitute good cause why an action should remain pending under Rule 1.420(e), Florida Rules of Civil Procedure. Pan American Bank v. World Purchasing, Inc., 507 So.2d 1192 (Fla. 3d DCA 1987); FMC Corporation v. Chatman, 368 So.2d 1307 (Fla. 4th DCA 1979); Dade County v. Moreno, 227 So.2d 548 (Fla. 3d DCA 1969). Rule 1.420(e), similarly to Rule 4.110(b), provides that any action in which there has been no record activity for a period of one year shall be dismissed by the court unless, among other things, a party shows “good cause” why the action should remain pending. Since this court has found Rule 4.110(b) to be analogous to Rule 1.420(e), Sherertz v. Key West Oceanside Marina, All So.2d 70 (Fla. 1st DCA 1985), we find the above-cited cases to be applicable, and hold that the running of the statute of limitations does not constitute good cause why a claim should remain pending under Rule 4.110(b).
Second, the E/C’s failure to follow up on Dr. Earp’s recommendations fails to constitute good cause in the instant case. The record indicates that claimant was examined by Dr. Earp in March of 1983, apparently at the request of Attorney Woods, without prior authorization from the E/C. Although Dr. Earp felt that the claimant had a permanent impairment, he stated that it was almost impossible to rate the impairment because of claimant’s other problems, felt that claimant could return to work, and recommended only that she lose weight and, alternatively, use a TNS unit as needed since that had provided her with some relief in the past. Dr. Earp noted that the claimant was being treated by a psychiatrist at the time and that, since claimant attributed most of her weight problems to her emotional difficulties, the weight loss would be “up to” her psychiatrist, Dr. Cruz. Earp specifically stated that the claimant was not to be considered under the care of his office, and made no indication that she needed any further treatment from him. After receiving Dr. Earp’s report and bill from Attorney Woods, the E/C responded on March 31, 1983, agreeing to pay for Earp’s examination and stating “You will note that Dr. Earp has indicated Mrs. Blanchard can return to work and in so many words she has reached MMI. What is your desire from this point on?” There is no indication in the record that Attorney Woods responded to the E/C’s letter, and it is clear that he filed no claim for any further treatment although he continued to represent the claimant for several months. Under these facts, it does not appear that the E/C ne *496 glected the matter or failed to follow up on any recommendations, even assuming that such actions could constitute “good cause” for denying a motion to dismiss under Rule 4.110(b).
We also reverse Deputy Commissioner Vocelle’s final order. Because Deputy Commissioner Hurt had previously determined in his 1985 and 1986 orders that there had been no record activity for more than one year prior to the filing of the motion to dismiss, it was erroneous for Deputy Commissioner Vocelle to conclude that it was impossible to determine, in 1987, whether there had been a lack of record activity during the period in question. Even had Deputy Vocelle found a lack of record activity, his finding of good cause would be erroneous for the same reason as discussed above, with regard to Deputy Hurt’s 1986 order. Finding as we do that the 1981 and 1982 claims should have been dismissed for lack of record activity, the two-year statute of limitations set out in section 440.19(b), Florida Statutes, clearly barred the 1987 claim.
Accordingly, we reverse both the August 7, 1986 order entered by Deputy Commissioner Hurt and the August 12, 1987 order entered by Deputy Commissioner Vocelle.
REVERSED.
MILLS and WIGGINTON, JJ., concur.