909 So.2d 386 (2005)
Robert McBRIDE, Appellant,
v.
PRATT & WHITNEY & Ace USA, Appellees.
No. 1D04-1351.
District Court of Appeal of Florida, First District.
August 4, 2005.
Kenneth B. Schwartz, West Palm Beach, for Appellant.
Gary M. Schloss of Hayes, Schloss & Alcocer, P.A., Palm Beach Gardens, for Appellees.
WEBSTER, J.
In this workers' compensation case, claimant seeks review of a final order denying his petition for benefits on the ground that it was barred by the applicable statute of limitations. Because we conclude that the judge of compensation claims correctly held that running of the statute of limitations was not tolled during the period that two earlier petitions filed *387 by claimant and later voluntarily dismissed were pending, we affirm.
The pertinent facts are not in dispute. Claimant was injured in a compensable accident on October 26, 1994. Indemnity benefits ceased in 1999. In March 2001, claimant filed a petition seeking authorization of an orthopaedic surgeon to evaluate and treat specified injuries. In March 2002, he filed another petition seeking reimbursement of certain medical bills. He last received authorized medical care in December 2001, and the carrier paid the last bill related to authorized care or treatment on May 29, 2002. On February 7, 2003, claimant voluntarily dismissed the two petitions he had filed. On July 3, 2003, claimant filed another petition, seeking authorization of a physician for evaluation and treatment. The employer and carrier controverted the petition, asserting that it was barred by the statute of limitations. After hearing argument from the parties, the judge issued a final order holding that the petition was barred because it was not filed within one year of the furnishing of remedial treatment, care or attendance, or within one year of the payment of indemnity benefits. This appeal follows.
The outcome of this appeal turns on our interpretation of the applicable statute of limitations, found in section 440.19, Florida Statutes (Supp.1994). Accordingly, our standard of review is de novo. See, e.g., Racetrac Petroleum, Inc. v. Delco Oil, Inc., 721 So.2d 376, 377 (Fla. 5th DCA 1998) ("judicial interpretation of Florida statutes is a purely legal matter and therefore subject to de novo review").
To the extent pertinent, section 440.19, Florida Statutes (Supp.1994), reads:
(1) Except to the extent provided elsewhere in this section, all employee petitions for benefits under this chapter shall be barred unless the employee, or the employee's estate if the employee is deceased, has advised the employer of the injury or death pursuant to s. 440.185(1) and the petition is filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment.
(2) Payment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance pursuant to either a notice of injury or a petition for benefits shall toll the limitations period set forth above for 1 year from the date of such payment. This tolling period does not apply to the issues of compensability, date of maximum medical improvement, or permanent impairment.
(3) The filing of a petition for benefits does not toll the limitations period set forth in this section unless the petition meets the specificity requirements set forth in s. 440.192.
It is undisputed that claimant last received indemnity benefits in 1999; that he last received authorized medical care or treatment in December 2001; and that the carrier paid the last bill related to authorized care or treatment on May 29, 2002. Accordingly, in the normal course of events, the one-year period specified in subsection (2) of the statute would have started to run no later than May 29, 2002, and expired before the filing (on July 3, 2003) of the petition at issue. However, relying on the language of subsection (3) of the statute, claimant contends that running of the statute was tolled during the period between May 29, 2002, and February 7, 2003, when he voluntarily dismissed his two previous petitions (which, he argues, met the specificity requirements of section 440.192). Therefore, according to claimant, the petition filed on July 3, 2003, was timely. The employer and carrier disagree, *388 relying on a well-established line of authority in civil cases holding that, when an action is dismissed, the statute of limitations is not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed. While both readings of the statute are permissible, we must determine which is the one more likely intended by the legislature. See § 440.015, Fla. Stat. (Supp.1994) ("the laws pertaining to workers' compensation are to be construed in accordance with the basic principles of statutory construction and not liberally in favor of either employee or employer"); Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003) ("[o]ur purpose in construing a statutory provision is to give effect to legislative intent").
As the employer and carrier correctly note, there exists a well-established line of authority in civil cases holding that, when an action is dismissed, the statute of limitations is not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed. See, e.g., Fernon v. Itkin, 476 F.Supp. 1, 3-4 (M.D.Fla.1977) (interpreting Florida law), aff'd, 604 F.2d 669 (5th Cir.1979) (table); Houswerth v. Neimiec, 603 So.2d 88, 89 (Fla. 5th DCA 1992); Guerrero v. Fonte, 507 So.2d 620, 621 n. 2 (Fla. 3d DCA 1987); Attache Resort Motel, Ltd. v. Kaplan, 498 So.2d 501, 503 (Fla. 3d DCA 1986); Life Sciences, Inc. v. Emery Air Freight Corp., 341 So.2d 272, 272 (Fla. 2d DCA 1977); Hamilton v. Largo Paint & Decorating, Inc., 335 So.2d 623, 624 (Fla. 2d DCA 1976); Barrentine v. Vulcan Materials Co., 216 So.2d 59, 60-61 (Fla. 1st DCA 1968). See also Bruce J. Berman, Florida Civil Procedure, ¶ 420.7, at 506 (2005 ed.). The same is generally true when the state enters a nol pros in a criminal prosecution. See, e.g., 21 Am.Jur.2d Criminal Law § 315 (2005); Geiger v. State, 532 So.2d 1298, 1301 (Fla. 2d DCA 1988); State ex rel. Ball v. Goodman, 249 So.2d 481 (Fla. 3d DCA 1971); State v. Guerra, 245 So.2d 889 (Fla. 3d DCA 1971); State v. Garcia, 245 So.2d 293 (Fla. 3d DCA 1971).
We have previously inferred that this rule applies in workers' compensation cases. Kinsey v. Skyline Corp., 395 So.2d 626, 627 (Fla. 1st DCA 1981). See also Morris Canning Corp. v. Blanchard, 528 So.2d 493 (Fla. 1st DCA 1988). However, claimant argues that our cases predate the enactment of section 440.19(3) in 1994 and are inconsistent with the plain language of that statute, to the effect that filing a petition meeting the specificity requirements set forth in section 440.192 tolls the limitations period. We believe that claimant reads this language too broadly.
Florida case law also states that the filing of a complaint tolls the statute of limitations in civil actions. See, e.g., Klosenski v. Flaherty, 116 So.2d 767, 769-70 (Fla.1959); Szabo v. Essex Chem. Corp., 461 So.2d 128, 129 (Fla. 3d DCA 1984); Robb v. Picarelli, 319 So.2d 645, 647 (Fla. 3d DCA 1975). "However, [such] cases [a]re merely concerned with whether the date on which the complaint is filed, or the date on which the defendant is served, is the crucial date for determining the timeliness of [an] action ... [and] do not address... the tolling effect of an earlier [dismissed action] on the limitations period applicable to a later [action]." Fernon v. Itkin, 476 F.Supp. at 3. Similarly, section 440.19(3) merely states that a petition must be filed in compliance with the specificity requirements of section 440.192 to be timely for purposes of the applicable statute of limitations. It does not purport to address the tolling effect of an earlier filed (and subsequently dismissed) petition on the limitations period applicable to a later filed petition. Instead, it appears intended *389 to eliminate a tolling provision in the pre-1994 statute which stated that when a claim is dismissed for lack of specificity, "the claimant shall be allowed 60 days from the date of the order of dismissal in which to file an amended claim regardless of any other limitation in this chapter." § 440.19(1)(e)4, Fla. Stat. (1993) (emphasis added). In short, there is nothing to suggest that section 440.19(3) was intended to alter the well-established rule that the statute of limitations is not tolled during the period that a dismissed action was pending. Rather, we presume that the legislature was aware of this rule when it enacted subsection (3). See, e.g., Holmes County Sch. Bd. v. Duffell, 651 So.2d 1176, 1179 (Fla.1995) ("The legislature is presumed to know existing law when it enacts a statute"). Accordingly, we hold that, absent a clear statement from the legislature to the contrary, the one-year statute of limitations specified in section 440.19(2), Florida Statutes (Supp.1994), is not tolled during the period that an earlier filed petition was pending before it was voluntarily dismissed.
AFFIRMED.
ERVIN and WOLF, JJ., concur.