924 So.2d 882 (2006)
David RICE, Appellant,
v.
REEDY CREEK IMPROVEMENT DISTRICT and Unisource Administrators, Inc., Appellees.
No. 1D04-5381.
District Court of Appeal of Florida, First District.
March 3, 2006.
Rehearing Denied April 4, 2006.
*883 Kelli K. Biferie, Esquire, and Todd J. Sanders, Esquire, Bichler & Kelley, P.A., Winter Park, for Appellant.
Rex A. Hurley, Esquire, and Andrew R. Borah, Esquire, Hurley, Rogner, Miller, Cox, Waranch & Westcott, P.A., Winter Park, for Appellees.
PER CURIAM.
Claimant appeals the final compensation order entered by the Judge of Compensation Claims (JCC) dismissing with prejudice his petition for benefits on grounds that the statute of limitations barred his claims for treatment. Claimant argues that his petition was not barred by the statute of limitations, and in the alternative, that the employer/servicing agent (E/SA) was estopped from raising the statute of limitations defense. We affirm without further comment the JCC's determination that the E/SA was not estopped from raising the statute of limitations defense. However, as to the argument put forth by claimant that his claims for treatment were not barred by the statute of limitations, we affirm in part and reverse and remand in part for further proceedings based on the reasons set forth below.

BACKGROUND
Claimant was a firefighter and paramedic employed by Reedy Creek Improvement District. Claimant injured his back on the job on both March 18, 2000, and April 3, 2000. Claimant was treated for his back injury by Dr. Imfeld, and received prescription medication under workers' compensation as late as September 30, 2002.
On September 4, 2003, which the E/SA concedes on appeal is within one year of the date claimant received authorized medical treatment, claimant filed a petition for benefits for his April 3, 2000 injury. Claimant filed a second petition for benefits dated January 8, 2004, also for his April 3, 2000 accident. On March 10, 2004, claimant voluntarily dismissed his first petition, filed September 4, 2003. On March 12, 2004, claimant filed a third petition for benefits for his April 3, 2000 accident. Finally, on April 12, 2004, claimant voluntarily dismissed his second petition, dated January 8, 2004. At all times between *884 September 4, 2003, and the hearing before the JCC on October 8, 2004, at least one petition was pending regarding the April 3, 2000 accident date. Claimant also filed a petition for benefits based on his March 18, 2000 date of accident on March 12, 2004. For illustrative purposes, a chronological list of the filings and dismissals is provided below:
April 3, 2000 accident date (OJCC Case No. 03-033798)
September 4, 2003: first petition filed.
January 8, 2004: second petition filed.
March 10, 2004: first petition voluntarily dismissed.
March 12, 2004: third petition filed.
April 12, 2004: second petition dismissed.
March 18, 2000 accident date (OJCC Case No. 04-008071)
March 12, 2004: first petition filed.
Although the JCC referred to only one petition within its order, the order dismissed claimant's claims for treatment for both accident dates. Specifically, the order disposed of both case numbers XX-XXXXXX and XX-XXXXXX.[1]

ANALYSIS

The April 3, 2000 Accident
Claimant argues that because his first petition for benefits was timely under section 440.19(2), Florida Statutes (2000)[2], his petition filed March 12, 2004 is likewise timely filed. To support this proposition, claimant relies on McWilliams v. Americana Dutch Hotel, 595 So.2d 253 (Fla. 1st DCA 1992), which held that a timely filed claim which was still pending precluded dismissal of a claim filed more than two years from the date the appellant last received treatment or payment in connection with his compensable injury.
The E/SA relies on another decision of this Court, McBride v. Pratt & Whitney, 909 So.2d 386 (Fla. 1st DCA 2005), to support its argument that the March 12, 2004 petition was not timely filed. In McBride, the claimant dismissed his timely filed petition and several months later filed another petition. Id. at 387. This Court held, "absent a clear statement from the legislature to the contrary, the one-year statute of limitations specified in section 440.19(2), Florida Statutes (Supp.1994), is not tolled during the period that an earlier filed petition was pending before it was voluntarily dismissed." Id. at 389.
The distinction between these two cases is that in McWilliams, the case was still pending when the otherwise untimely petition was filed, while in McBride, the entire case was dismissed before the untimely petition was filed. In the present case, claimant filed three petitions related to the April 3, 2000 accident date, one of which the E/SA concedes was timely filed. These petitions were all filed within the same case.[3] Claimant had at least one *885 petition pending at all times between the filing of the first petition and the hearing on the last petition filed. Therefore, claimant's voluntary dismissal of the first petition did not operate to dismiss the entire case regarding the April 3, 2000 accident date, but only the individual petition. See Fla. Admin.Code R. 60Q-6.116(2) (providing, "[a] claim or petition may be dismissed by the claimant without an order by filing a notice of voluntary dismissal" (emphasis added)).
Because the case regarding the April 3, 2000 accident date was still pending at the time the March 12, 2004 petition was filed, the JCC erred in ruling that this petition was barred by the statute of limitations. Accordingly, we reverse in part and remand for further proceedings regarding claimant's petition for benefits for the April 3, 2000 accident date.

The March 18, 2000 Accident
Claimant did not file a petition for benefits regarding the March 18, 2000 accident date until March 12, 2004. Accordingly, because no petition for benefits was timely filed, we affirm that part of the JCC's order ruling that the statute of limitations barred the claims for benefits regarding the March 18, 2000 accident date.
AFFIRMED in part; REVERSED in part and REMANDED for further proceedings.
WEBSTER, BROWNING and POLSTON, JJ., concur.
NOTES
[1] The original order entered by the JCC listed only case number XX-XXXXXX. However, after being given leave of this Court to amend its final order, the JCC entered an amended order listing both case numbers.
[2] Section 440.19(2), Florida Statutes (2000), provides: "Payment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance pursuant to either a notice of injury or a petition for benefits shall toll the limitations period set forth above for 1 year from the date of such payment. This tolling period does not apply to the issues of compensability, date of maximum medical improvement, or permanent impairment."
[3] Florida Administrative Code Rule 60Q-6.105(1) provides that "[a] party commences a new case by filing a petition for benefits pursuant to Section 440.192, Florida Statutes, when there is not an existing case pertaining to the same claimant and date of accident." Subsection (2) provides in part, "any subsequent petition for benefits or claim relating to that claimant and date of accident shall be filed in the existing case."