PER CURIAM.
Albert B. Luckey, who was the plaintiff in the trial court, appeals a final judgment entered after trial before the court without a jury. The judgment denied relief upon Luckey’s complaint to vacate writ of execution and levy of sale upon property formerly owned by Luckey. The basis for the complaint was that a default judgment had been improperly entered against him in a prior case because the court’s finding in that case that Luckey had, for the purposes of Section 48.161, Florida Statutes (1975), concealed himself to avoid service of process was unsupported by that record and untrue in fact.
*54 After hearing evidence, the present trial judge found that Luckey had, in fact, for the purpose of avoiding all legal matters, secreted himself from the world and lived in isolation in a high security apartment refusing to answer the telephone or even to open his mail. The record shows that genuine attempts by various methods were made to effect service upon Luckey. The appellant does not contest that an officer attempted on one occasion to visit his residence to service process on him, that five unanswered telephone calls were made in an attempt to contact him, that service was attempted by way of four visits to establishments that appellant was believed to frequent, and that five attempts were made to contact appellant through observations carried out at his place of residence. We hold that the finding of the trial judge is adequately supported by the evidence and that, under the circumstances, there is no rule of law which requires that the officers of the court be able to breach the self-imposed isolation in order to inform the defendant that a suit is filed against him. See Steedman v. Polero, 181 So.2d 202 (Fla.3d DCA 1965). Cf. Green v. Nashner, 216 So.2d 492 (Fla.3d DCA 1968); and Crews v. Rohlfing, 285 So.2d 433 (Fla.3d DCA 1973).
Affirmed.
BARKDULL, J., dissents.