374 So.2d 641 (1979)
Deborah Marie TURCOTTE and Howard Turcotte, Appellants,
v.
Sharon K. GRAVES, Appellee.
No. 78-1658.
District Court of Appeal of Florida, Fourth District.
August 22, 1979.
*642 Dianne Weaver of Weaver & Weaver, Fort Lauderdale, for appellants.
PER CURIAM.
Deborah Marie Turcotte and Howard Turcotte seek through interlocutory appeal review of an order denying a motion to dismiss for lack of service of process and lack of jurisdiction in an action for damages. We reverse.
The instant case arises from a three-car accident. The plaintiff, Sharon K. Graves, filed suit against Deborah Turcotte and her insurer and against the driver of a third automobile, Tammy K. Schenk, the owner of the third automobile, Buddy Burnett Motor Sales, Inc., and its insurer. Subsequently, Ms. Schenk filed a third-party complaint for indemnity against Howard Turcotte. Only one attempt to serve Howard Turcotte with process under the third party complaint was made and was returned unperfected.
The amended complaint alleged that Deborah Turcotte was a resident of Broward County, Florida. Personal service of process on Ms. Turcotte was attempted but was returned unperfected. A notation on the return stated that the residence listed in the summons was a vacant mobile home which had recently been razed by fire. A second attempt at service of process on Ms. Turcotte was also returned unperfected. A third attempt at service was made through a pluries summons served on one Mr. Henley at an address in Fort Lauderdale. However, the record fails to disclose the relationship of Mr. Henley to the defendant, Ms. Turcotte, how the address was obtained or any facts to show that Ms. Turcotte ever received the pluries summons.
The plaintiff then attempted to perfect service through use of substituted service. Process was served upon the Secretary of State for the State of Florida with a copy sent by certified mail, return receipt requested, to the address of the burned-out mobile home. This certified letter was later returned marked "Moved, left no address." Additionally, an affidavit of compliance was filed with the court wherein attorney for plaintiff stated that service had been made on the Secretary of State's office with the appropriate fee and that a copy of the complaint and process had been sent certified mail to the defendant but had been returned undelivered.
Thereafter, Deborah Turcotte and Howard Turcotte appeared specially to file a motion to dismiss on the grounds of insufficiency of process, insufficiency of service of process and lack of jurisdiction. This motion was denied and the movants were given ten days to file an answer. This appeal followed.
Counsel for appellees have elected not to file a brief in this matter. This one-sided presentation may not only prejudice the rights of the recalcitrant attorney's clients, but also makes the judicial labor more tedious and time-consuming because this court is forced into the role of the "devil's advocate" so that justice may be served. However, after careful consideration of the record on appeal and the brief of appellants, we have determined that the trial court erred and the order must be reversed.
As to the appellant, Howard Turcotte, it appears that only one attempt at service of process has been made and was unsuccessful. There can be no serious contention that the trial court obtained jurisdiction over Mr. Turcotte, and therefore the trial court erred in attempting to assert jurisdiction over him.
Regarding Deborah Turcotte, the record shows that three attempts at personal service of process and one attempt at substituted service of process were made. It is the latter under which the trial court now apparently asserts jurisdiction over her person. According to the affidavit of compliance filed by the attorney for plaintiff Graves, substituted service was effected under the provisions of Sections 48.161 and 48.181, Florida Statutes. Section 48.181 allowed substituted service of process on nonresidents engaged in business in the state and obviously has no application to the instant case. Counsel presumably meant to *643 attempt to effectuate constructive service under Section 48.171, Florida Statutes, which allows service of process upon resident owners or operators of motor vehicles who conceal themselves within the state.
Plaintiff Graves' attempt at substituted service is defective in two ways. First, to support substituted service of process on a defendant, the complaint must allege the jurisdictional requirements prescribed by statute. The complaint in the instant case did not contain the necessary allegations to constitute the Secretary of State as Deborah Turcotte's agent for substituted service of process, and therefore the service is fatally defective. Bejar v. Garcia, 354 So.2d 964 (Fla. 3d DCA 1978); Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978).
Secondly, Section 48.161, Florida Statutes, requires that the process be sent to the defendant via certified or registered mail, the receipt of which must be evidenced by the defendant's return receipt. Of course, where the defendant takes affirmative action to avoid acceptance of such mailing, the requirement will be deemed to be satisfied. See Luckey v. Smathers & Thompson, 343 So.2d 53 (Fla. 3d DCA 1977). However, where, as here, the failure of delivery of process was not caused by the defendant-addressee's rejection of the mail and where such failure might have resulted from a cause not chargeable to the defendant, then the statutory requirements have not been met and service of process is insufficient. Crews v. Rohlfing, 285 So.2d 433 (Fla. 3d DCA 1973). The record shows that the process was mailed to the address of the burned-out mobile home although attorney for plaintiff knew that Ms. Turcotte no longer resided there. Furthermore, we doubt that Ms. Turcotte purposely burned her trailer to avoid service of process. There is sufficient evidence to suggest that the delivery of the mailed process failed as a result of circumstances not directly chargeable to the defendant.
Accordingly, for the reasons stated, the order denying defendants' motion is reversed and the cause remanded for the entry of an order quashing service and for such further proceedings as the trial court may deem proper.
Reversed and remanded.
MOORE and BERANEK, JJ., and SPENCER C. CROSS, Associate Judge, concur.