PEARSON, Judge.
The defendant Michael Patasnik brings this interlocutory appeal from an order which denied his motion made pursuant to Florida Rule of Civil Procedure 1.540. The ground of the motion was that he was not served with process in the suit.
The case proceeded as follows: 1. The complaint for collection of a debt alleged that “[a]t the time of the execution of the subject notes referred to below, Defendant was a resident of Dade County, Florida-, was sui juris, and as of the date of the filing of this Complaint, Plaintiff has no information to the contrary.” 2. A summons was issued and returned unserved with the sheriff’s return stating: “NO SERVICE: For the reason that after diligent search and inquiry failed to find said Michael Patasnik in Dade County, Florida. NOTE: Unable to contact defendant after several attempts at various hours.” 3. Without further pleading, the plaintiff secured the issuance of alias summons directed to the Secretary of State, as statutory agent. 4. The plaintiff filed an affidavit[1] of compliance with “the provisions of Florida Statutes 48.161.” 5. The plaintiff moved for and secured a default. 6. On February 22, 1979, a final judgment was entered for the plaintiff. 7. On May 21, 1979, the defendant filed a motion for relief from final judgment and an affidavit which alleged only that “[a]t all times material to this action, the Affiant was a resident of the State of Florida.” 8. The plaintiff filed an extensive affidavit which set forth his unsuccessful efforts to contact the defendant and his conclusion that the defendant was concealing himself despite the fact that he was a resident of the State of Florida. 9. The trial judge denied the motion.
The order appealed must be reversed because the pleadings on file at the time of the issuance of process to be served upon the Secretary of State did not contain an allegation of facts which could be a basis for the use of constructive service of process on the defendant. See the principle in Young Spring & Wire Corp. v. Smith, 176 So.2d 903 (Fla.1965); and Unterman v. Brown, 169 So.2d 522 (Fla.2d DCA 1964).
The late filing of an affidavit after the service of process and the final judgment cannot give life to an invalid process.
Reversed and remanded with directions to vacate the final judgment.

. Although made a point on appeal, we do not express an opinion on the sufficiency of this affidavit because it is not necessary for a decision on this appeal.