LEVY, DAVID L., Associate Judge.
The appellant’s teacher’s license was revoked for a two-year period after a hearing held before the Education Practices Commission. The appellant was not present for the hearing. The appellant contends that Section 120.60(7), Florida Statutes (1984-Supp.) [formerly Section 120.60(6)], was not complied with. Appellant further contends that the Commission improperly ruled against her without having competent evidence in the record to support such a finding. This court finds no merit in the appellant’s first contention, but agrees with the second.
*962 As far as compliance with section 120.60(7) is concerned, the record clearly demonstrates that the licensee (the appellant herein) received, but twice refused, the notice of action initiated by the appellees. A party cannot prevail in an argument attacking the sufficiency of service by certified mailing (in those cases in which certified mailing is appropriate) when the party has taken affirmative action to avoid the acceptance of the certified mailing. Turcotte v. Graves, 374 So.2d 641, 643 (Fla. 4th DCA 1979).
Appellant also questions whether the form that was sent to the appellant, regarding the explanation and election of rights provisions, substantially complied with Rule 6B-11.02, Florida Administrative Code. Clearly, it did. Among the provisions contained on the form was the language “if you fail to return your election of rights form within Twenty (20) days from the date you receive the Administrative Complaint, a default will be issued and an appropriate penalty will be imposed by the Education Practices Commission.” We find that the default entered against the appellant was proper and should be upheld.
It is with the appellant’s second major argument that this court finds itself in agreement. Section 6B-11.04(6)(c) of the Florida Administrative Code provides that the prosecutor presenting a case before the Education Practices Commission must “prove a prima facie case....” Although the final order of the Education Practices Commission states that affidavits and court documents submitted by the Commissioner of Education were received in evidence by the Commission in support of the complaint, the record in this case fails to substantiate that finding. Rather, the record demonstrates that the prosecutor, in his arguments before the Commission, merely made reference to the investigative file that was available to the members of the Commission to examine. There is nothing in this case that demonstrates that the members of the Commission either reviewed the contents of those investigative files or that the files were actually accepted into evidence by the Commission.
Accordingly, we find that there is an absence of evidence to support the finding of the Commission. Therefore, the decision of the Commission must be reversed, with this cause being remanded back to the Commission for further proceedings consistent with this opinion.
AFFIRMED IN PART. REVERSED AND REMANDED IN PART.
HURLEY, J., concurs.
LETTS, J., dissents in part with opinion.