PER CURIAM.
This is an appeal from a non-final order. We reverse.
Appellee filed a complaint seeking to foreclose a mortgage on a condominium unit located in Broward County. The complaint named as defendants the mortgagors and owners of the property, unknown tenants of the property, and appellant, which was named by virtue of its previously recorded notice to claim an interest in the subject property and lis pendens.
A summons on the complaint was issued and the return of process shows that a private process server attempted to make service on appellant but “that after diligent search and inquiry [he] failed to find [appellant] in Broward County, Florida.”
An alias summons was then issued and service therof made on the Secretary of State of Florida as agent for appellant, which received no notification that appellee had made substituted service of process.
Appellee moved for the entry of a default against appellant on the ground of appellant’s failure to serve or file any paper in the action and the clerk entered a default against appellant. Appellant then moved to vacate the default and to quash *155 the substituted service of process on which the default was premised, which motion was denied.
Appellant contends that the trial court erred in denying his motion to vacate the clerk’s entry of a default and to quash the substituted service of process. It points out that the substituted service effectuated in the instant case was defective in that the complaint was devoid of any jurisdictional allegations which would justify such service and in that there was noncompliance with the notice requirement of section 48.-161, Florida Statutes (1985). That section provides, in relevant part:
Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant’s return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant. ...
Appellant’s arguments are meritorious. This court in Ferguson v. McWilliams, Jr., 483 So.2d 509 (Fla. 4th DCA 1986), noted that:
[t]o support substituted service of process on a defendant, the complaint must allege the jurisdictional requirements prescribed by statute. If it fails to do so, then a motion to quash process and service of process should be granted.
(Citations omitted). A review of the complaint served on the Secretary of State in the instant case reveals that it is devoid of the requisite jurisdictional allegations justifying the use of substituted service of process.
Additionally, the notice required by section 48.161, Florida Statutes, was not complied with. In Turcotte v. Graves, 374 So.2d 641 (Fla. 4th DCA 1979), this court held that substituted service of process was insufficient where the statutory requirement of mailing process to the defendant was not met. In the instant case, it appears that the appellee failed to mail the process by certified or registered mail to the appellant.
We note that although the case was subsequently voluntarily dismissed in the trial court, the appeal was considered on its merits because of the fact that an identical situation is likely to recur.
LETTS and GLICKSTEIN, JJ., concur.
ANSTEAD, J., dissents with opinion.