649 So.2d 905 (1995)
Marvin Dewey WYATT, Jr., Appellant,
v.
John M. HAESE and Rebecca W. Haese, His Wife, Appellees.
No. 94-2462.
District Court of Appeal of Florida, Fourth District.
February 1, 1995.
*906 Shelley H. Leinicke and Ila J. Klion of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellant.
Arthur J. England, Jr. and Elliott H. Scherker of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, and Dianne J. Weaver of Weaver, Kuvin, Weaver & Lipton, P.A., Fort Lauderdale, for appellees.
WARNER, Judge.
The appellant, a non-resident, sought to vacate an $8.3 million judgment against him, contending that he was never properly served, thus rendering the judgment void. Appealing the trial court's denial of his motion, he claims that the statutory prerequisites for substituted service do not appear in the record. We agree and reverse.
This case arises out of an automobile accident involving appellant and appellee, John *907 Haese, which occurred in 1985. At the time of the accident, appellant gave a local Florida address to the police, which was reflected on the traffic citation. On his license, however, was a Maryland address. The Maryland address was also the address on the accident report. Over the next several years appellant had several addresses and returned to Maryland in 1987, but not to the address on the license which was the address of his sister, who moved from that location in 1988.
In 1989 the appellees filed suit against appellant. The original complaint failed to allege that appellant was a non-resident, and while appellees sent the summons to the Florida Secretary of State, they failed to send notice of service to appellant or file an affidavit of compliance in accordance with section 48.161, Florida Statutes (1989).
An amended complaint was filed, correcting the pleading deficiencies by alleging that appellant was a non-resident. Service again was attempted through the Secretary of State. Two attempts were made to mail notice of service. The first was sent by certified mail, return receipt requested, to the address listed on appellant's license in 1985; it was returned, marked "UNCLAIMED." The second, sent by regular mail to an incorrect street address, was returned marked "NOT AT THIS ADDRESS." Finally, a third attempt at service by publication was made. After the requirements of publication were met, appellees obtained a clerk's default. Six months later, counsel moved to set the case for a trial on damages and mailed the notice to appellant at the same incorrect street address that appellees' attorney had previously used. Subsequently, the court set the trial, but no notice was attempted on appellant at any address. The verdict for $8.3 million was rendered against appellant in a jury trial of which he had no notice, a fact the appellees concede.
A judgment may be attacked at any time when the face of the record reveals that no jurisdiction was obtained over the defendant because service of process was not perfected. Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987). When there is a lack of jurisdiction over the defendant, the judgment is absolutely null and void on its face. See T.J.K. v. N.B., 237 So.2d 592, 595 (Fla. 4th DCA 1970). Here, the record reflects that appellees' three attempts at service failed to perfect substituted service on appellant.
Appellees' first attempt at service on appellant was legally insufficient because they failed to allege his non-residency or that he was concealing himself. Wiggam v. Bamford, 562 So.2d 389, 390 (Fla. 4th DCA 1990).
The second attempt at service was also legally insufficient. Section 48.161, Florida Statutes (1989), provides in pertinent part:
(1)... . Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows... . (emphasis supplied).
Perfection of substituted service requires strict compliance with the statutory prerequisites because such service is an exception to personal service. See, e.g., Shiffman v. Stumpff, 445 So.2d 1104 (Fla. 4th DCA 1984); Gloucester Eng'g, Inc. v. Mendoza, 489 So.2d 141 (Fla. 3d DCA 1986). Here the statute has three requirements: (1) notice sent by registered or certified mail; (2) the defendant's return receipt; and (3) the affidavit of compliance. The face of the record and affidavit demonstrate failure to comply with the statutory notice prerequisites. No return receipt was executed by the defendant. Moreover, the certified letter returned "UNCLAIMED" and the second notice sent by regular mail and returned "NOT AT THIS ADDRESS" do not reflect that appellant intentionally failed or refused to claim the notices. Therefore, no conclusion can be drawn that the failure to deliver process was caused by the defendant rejecting the mail. See Lendsay v. Cotton, 123 So.2d 745 (Fla. 3d DCA 1960); Turcotte v. Graves, 374 So.2d 641 (Fla. 4th DCA 1979); Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979). Consequently, the statutory requirement was not met as no return receipt for the certified mail was obtained, nor can an inference of intentional rejection be made from the record. Further, appellees failed to file an affidavit of compliance on or before the return *908 day of the process. E.g., Law Offices of Evan I. Fetterman v. Inter-tel, Inc., 480 So.2d 1382 (Fla. 4th DCA 1985); Edina Technical Products, Inc. v. Ho, 633 So.2d 1124 (Fla. 1st DCA 1994); Patasnik v. Mermelstein, 379 So.2d 411 (Fla. 3d DCA 1980).
Appellees' third attempt at service was by publication. Service of process by publication is not authorized in negligence actions. Alan Restaurant Corp. v. Walder, 399 So.2d 1128 (Fla. 4th DCA 1981).
The purpose of service, substituted or otherwise, is to provide the defendant with notice so that he might exercise his opportunity to be heard. It is clear that none of the attempts at service were performed in a manner likely to provide notice to appellant, and indeed they did not. As none of the three attempts resulted in perfected service on appellant, the trial court never acquired jurisdiction over him, and the final judgment rendered against him is void.[1]
Reversed and remanded with directions to vacate the final judgment and the clerk's default.
DELL, C.J., and HERSEY, J., concur.
NOTES
[1] Even if service had been perfected, after a default was entered against him, appellant was not supplied with notice of the trial for damages, which provides an additional independent basis for the reversal of the damages judgment. See, e.g., Watson v. Watson, 583 So.2d 410, 411 (Fla. 4th DCA 1991); Osceola Farms Co. v. Sanchez, 238 So.2d 477 (Fla. 4th DCA 1970); Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986); Fla.R.Civ.P. 1.440(c).