714 So.2d 1185 (1998)
Richard Dale LINN and Laura J. Linn, Appellants/Defendants,
v.
Lula Lee KIDD, Appellee/Plaintiff.
No. 97-4676.
District Court of Appeal of Florida, First District.
August 3, 1998.
*1186 Peter S. Roumbos of Young & Associates, P.A., Pensacola, for Appellants/Defendants.
Randle D. Thompson, Pensacola, for Appellee/Plaintiff.
LAWRENCE, Judge.
Lula Lee Kidd (Kidd) filed suit against Richard Dale Linn and his wife Laura J. Linn (the Linns) for injuries sustained in a two-car accident which occurred in Escambia County, Florida, on December 10, 1992. Kidd was a passenger in an automobile operated by Mary K. Dumas. The trial court denied the Linns' motion to dismiss which was based upon insufficiency of service of process. We reverse.
The Linns were residents of the state of Tennessee when service of process in the instant suit was attempted, although they were formerly residents of the state of Florida at the time of the accident. Kidd attempted personally to serve the Linns at a Florida address on two separate occasions, but was unsuccessful. Kidd next sought to serve the Linns by using substituted service of process pursuant to sections 48.161 and 48.171, Florida Statutes (1995).[1] The Secretary *1187 of State accepted service for the Linns on May 6, 1997. Kidd, by certified mail with return receipt requested, sent copies of the Secretary of State's acceptance of the summonses and complaints to the Linns at their former Florida address, but the documents were returned and marked "Return to Sender: AttemptedNot Known." Thus, no signed return receipt was obtained and the record does not otherwise contain a signed return receipt for the summonses and complaints as required by the statute. All of the foregoing efforts at perfecting service of process were accomplished within the time provisions of Florida Rule of Civil Procedure 1.070(j), as Kidd timely moved for and obtained an order extending the 120-day initial period for an additional sixty days.
The law firm representing Kidd in the instant suit also represented Mary K. Dumas in a claim against the Linns arising from the same accident. Before the instant suit was commenced, the Linns filed an affidavit in the Dumas suit which reflected a facsimile number from Richard Linn's place of employment in Tennessee. However, this evidence relating to the Linns' place of residence at the time was not investigated by Kidd.
The Linns argue that Kidd failed to perfect service of process by failing to make a diligent search and inquiry to determine their residence, and by failing to obtain and file a return receipt from the Linns as required by section 48.161. They further argue that the appropriate disposition is dismissal of the action.
Kidd argues that substituted service of process was sufficient, citing Richardson v. Williams, 201 So.2d 900 (Fla. 2d DCA 1967). In the alternative, Kidd argues that despite invalid service, the Linns nevertheless submitted to the jurisdiction of the court by filing a "Proposal For Settlement" in the action. Kidd further argues in the alternative that should this court find that she failed to perfect service, the proper remedy would not be dismissal, but rather to quash the attempted service of process without prejudice to perfect service in any manner provided by law.
Strict compliance with the substituted service of process statute is required. Gloucester Eng'g, Inc. v. Mendoza, 489 So.2d 141 (Fla. 3d DCA 1986); Shiffman v. Stumpff, 445 So.2d 1104 (Fla. 4th DCA 1984). As the court in Wyatt v. Haese, 649 So.2d 905 (Fla. 4th DCA 1995), explained:
Perfection of substituted service requires strict compliance with the statutory prerequisites because such service is an exception to personal service. Here the statute has three requirements: (1) notice sent by registered or certified mail; (2) the defendant's return receipt; and (3) the affidavit of compliance.
Wyatt, 649 So.2d at 907 (citations omitted). In Wyatt, the defendant did not execute a return receipt as required by section 48.161. In addition, the postal endorsement on the returned certified letter read "UNCLAIMED," while the endorsement on the non-certified letter read "NOT AT THIS ADDRESS." Id. The court held that these postal endorsements "do not reflect that appellant intentionally failed or refused to claim the notices." Id. The court noted that "no conclusion can be drawn that the failure to deliver process was caused by the defendant rejecting the mail. Consequently, the statutory requirement was not met as no return receipt for the certified mail was obtained, nor can an inference of intentional rejection be made from the record." Id. (citations omitted). The Wyatt court explained that "[t]he purpose of service, substituted or otherwise, is to provide the defendant with notice so that he might exercise his opportunity to be heard." Id. at 908. The facts in the instant case are similar in that there was no return receipt for the certified letters present in the record. The envelopes of the letters sent to the Linns show that the letters were returned as undeliverable, with no indication that the Linns intentionally refused the letters. It is apparent that the letters were undeliverable because the Linns, at the time, were no longer living in Florida, but rather were residing in Tennessee.[2]
Richardson provides an exception to the requirement of filing a receipt by the defendant, *1188 where the correct address and residence of the defendant was established, but service was effectively refused by failing to claim copies of the suit papers. In contrast, Kidd did not exercise due diligence in her search to locate the Linns. Kidd's only effort to locate the Linns was to send certified letters to an address which a diligent search and inquiry would have shown was no longer the residence of the Linns. Kidd failed to investigate an obvious investigative lead, namely, the affidavit from Tennessee filed by Richard Linn in the Dumas case. We conclude that Kidd did not make a diligent search and inquiry, and that a return receipt from the Linns was required in order to perfect substituted service of process under the circumstances of this case.
Kidd's argument that the Linns submitted to the jurisdiction of the court by filing a "Proposal For Settlement"[3] is also without merit. This document did not constitute a request for affirmative relief which was inconsistent with the Linns' initial defense of lack of jurisdiction. Heineken v. Heineken, 683 So.2d 194 (Fla. 1st DCA 1996).
Lastly, we address the issue of an appropriate remedy, having determined that Kidd failed to perfect service of process on the Linns and that the Linns did not otherwise submit to the jurisdiction of the court.[4] The Linns argue that dismissal is the only appropriate remedy for failure to timely perfect service pursuant to Florida Rule of Civil Procedure 1.070(j). However, all of Kidd's efforts to properly serve the Linns were timely, despite the invalidity of the attempted service. To dismiss an action under these circumstances, when service of process is timely but invalid, creates an unfair burden and risk upon a party. A contrary holding would preclude parties seeking to invoke the jurisdiction of the court from relying upon the facial validity of returns made by those involved in perfecting service, including process servers, the Secretary of State, or the United States Post Office. A rule of dismissal would require a plaintiff, facing expiration of the statute of limitations, to investigate the underlying factual basis for facially valid returns made by third parties, or run the risk of being unable to refile a case because the statute of limitations has expired in the interim.
We believe the better rule is, and thus hold, that when service of process is attempted and is timely under Rule 1.070(j) but invalid for whatever reason, the appropriate disposition is to quash the attempted service of process with leave to thereafter perfect service in any manner provided by law.
Two of our sister courts have employed the same remedy in John Green Corp. v. Coello, 635 So.2d 127 (Fla. 3d DCA 1994), and Alan Restaurant Corp. v. Walder, 399 So.2d 1128 (Fla. 4th DCA 1981), although it is not clear whether the appropriateness of the remedy was an issue in those cases.
Accordingly, we REVERSE the trial court's order denying the motion to dismiss, and direct that the service of process be quashed, with leave to thereafter perfect service in any manner provided by law.
WEBSTER, J., and SHIVERS, DOUGLASS B., Senior Judge, concur.
NOTES
[1] Section 48.161 provides, in part:

Method of substituted service on nonresident.
(1) When authorized by law, substituted service of process on a nonresident or a person who conceals his or her whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found.
Section 48.171 provides, in part:
Service on nonresident motor vehicle owners, etc.Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle ... within the state, ... by the acceptance or licensure and by the operation of the motor vehicle, ... constitutes the Secretary of State his or her agent for the service of process in any civil action begun in the courts of the state against such operator ... arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.
[2] Kidd's answer brief says: "it is admitted that Linn is a nonresident, and that the Secretary of State was properly served. Thus, the only question is whether Linn received notice of the Secretary of State's acceptance of service and the lawsuit."
[3] The "Proposal For Settlement" was an offer by the Linns to pay to Kidd the sum of $100 in exchange for a complete release of all claims against them.
[4] Kidd filed suit in November 1996.