PER CURIAM.
The only substantial question raised on this appeal from a denial of a motion to set aside a default is whether the substituted service effected on the defendant was defective because of the plaintiffs failure to file an appropriate affidavit of compliance as required by section 48.161, Florida Statutes (1999). We agree with the trial court that compliance was excused because, although the certified mailing to the defendant was returned marked “unclaimed,” •the record shows that, in fact, the defendant deliberately refused to accept delivery of the transmittal. Waxoyl, A.G., v. Taylor, Brion, Buker & Greene, 711 So.2d 1251 (Fla. 3d DCA 1998); Cortez Dev. Co. v. New York Capital Group, 401 So.2d 1163 (Fla. 3d DCA 1981); Richardson v. Williams, 201 So.2d 900 (Fla. 2d DCA 1967).
Affirmed.
SCHWARTZ, C.J., and SHEVIN, J., concur.