BLUE, Acting Chief Judge.
In this interlocutory appeal, Timothy Woodworth appeals the denial of his motion to quash service of process. He argues that the trial court erred in finding compliance with the requirements for substituted service in chapter 48, Florida Statutes (1997). We agree and reverse.
The trial court found that Mr. Woodworth had actual notice based on regular mail. The statutory requirements for substituted service of process are strictly construed. See George Fischer, Ltd. v. Plastiline, Inc., 379 So.2d 697 (Fla. 2d DCA 1980). Pertinent to this case, the statute requires that “[n]otice of service and a copy of the process [served on the public officer designated by law] shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant....” § 48.161(1), Fla. Stat. (1997) (emphasis added).
The failure to comply with the statutory requirements has been excused when the record shows that the party to be served is deliberately refusing to accept delivery. See, e.g., Oteman, S.A. v. Napoles, 757 So.2d 1261 (Fla. 3d DCA 2000); Wyatt v. Haese, 649 So.2d 905 (Fla. 4th DCA 1995). The limited record in this case does not demonstrate that Mr. Woodworth has refused to accept delivery, and the trial court did not make such a finding. The trial court’s order only found that Mr. Wood-worth had actual notice based on regular mail. This was insufficient. Accordingly, we reverse.
Reversed and remanded to quash the service of process.
FULMER and SALCINES, JJ., Concur.