792 So.2d 1258 (2001)
Jeffrey JENNINGS and Kathy Daniel Jennings, Appellants,
v.
Santiago MONTENEGRO and Flor Stella Montenegro, his wife, Appellees.
No. 4D00-3928.
District Court of Appeal of Florida, Fourth District.
September 5, 2001.
*1259 Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Peter S. Van Keuren of Law Offices of Lawrence J. Signori, West Palm Beach, for appellants.
Michele I. Nelson of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., and Mark K. Koenig of Law Office of Mark K. Koenig, West Palm Beach, for appellees.
POLEN, C.J.
Jeffrey and Kathy Jennings timely appeal after the trial court denied their motions to quash Santiago and Flor Stella Montenegro's attempted service of process for failure to comply with section 48.161, Florida Statutes (1999), and for failure to effect timely service of process under Florida Rule of Civil Procedure 1.070(j). We reverse in part and dismiss in part.
In January, 1998, the Montenegros sued the Jennings for damages stemming from an automobile accident between them. The summons was issued to the Jennings at their last known address in West Palm Beach. The process server was told that the Jennings had not lived there for the last eighteen months. On their motion, the Montenegros were then given an additional *1260 120 days so that they could again try to effect service on Jennings at the correct address. Within this additional time, the Montenegros served alias summonses on the Jennings by serving the Secretary of State.
Thereafter, the Montenegros sought to amend their complaint to reflect their belief that the Jennings were avoiding service. They also sought an additional 120 days to effect service. The court granted their motions. The amended complaint alleged diligent but unsuccessful attempts to serve the Jennings, and the summonses were again served on the Secretary of State.
Counsel for the Jennings' insurance carrier moved to quash the prior service on the Secretary of State and also moved to dismiss for failure to effect timely service under rule 1.070(j). Prior to the hearing on these motions, the Montenegros again moved to amend their complaint. The court granted the Jennings' motion to quash service, denied their motion to dismiss, and allowed the Montenegros ten days to amend their complaint.
Service of this latest amended complaint was made through the Secretary of State on January 25, 2000. Jennings then filed renewed motions to dismiss and to quash service. The court denied the motions. The Jennings moved the court to reconsider its order, which the court did. At the hearing on the motion to reconsider, the Montenegros' attorney informed the court of the extensive efforts that were made to locate and serve the Jennings, and why he believed the Jennings were concealing themselves. The court held that the complaint's allegations were insufficient and dismissed them, allowing the Montenegros fourteen days to amend; it reserved ruling on whether service should be quashed.
Within this allotted time, the Montenegros amended their complaint to include an affidavit of diligent search. Service was not made on the Secretary of State this time. Jennings then moved to quash service and dismiss the complaint on the same grounds as their previous motions. The court held the Montenegros' allegations with respect to substituted service were sufficient and, therefore, denied the motions to dismiss and to quash. This appeal followed.
The Jennings first argue that, with respect to their last amended complaint, the Montenegros failed to comply with section 48.161 for substituted service. Section 48.161 provides, in part,
When authorized by law, substituted service of process on a nonresident or a person who conceals his or her whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service *1261 shall be filed on or before the return day of the process or within such time as the court allows....
§ 48.161(1), Fla. Stat. (1999). Section 48.171, Florida Statutes likewise provides, in part,
Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having it operated,... who becomes a nonresident or conceals his or her whereabouts, by the acceptance or licensure and by the operation of the motor vehicle ... constitutes the Secretary of State his or her agent for the service of process in any civil action begun in the courts of the state against such operator or owner, lessee, or other person entitled to control of the motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.
§ 48.171, Fla. Stat. (1999). Plaintiffs who use substituted service but fail to obtain a return receipt, as here, must allege that the defendant is "concealing his whereabouts, or that they had exercised due diligence in attempting to locate him." Chapman, Chapman v. Sheffield, 750 So.2d 140, 143 (Fla. 1st DCA 2000). In other words, the failure of delivery of service must be attributable to the defendant. See Robinson v. Cornelius, 377 So.2d 776, 778 (Fla. 4th DCA 1979) ("Where the failure of delivery of process is not caused by the defendant addressee's rejection of the mail, and where such failure might have resulted from a cause not chargeable to the defendant, then the statutory requirements for constructive service of process have not been met and the service of process is therefore insufficient."). Overall, "[w]here substitute service of process is used, strict compliance with the statutes governing this form of service is essential to obtaining valid personal jurisdiction over the defendant(s)." Federal Nat'l Mortg. Ass'n v. Fandino, 751 So.2d 752, 753 (Fla. 3d DCA 2000). When these jurisdictional allegations are not made, it is error for the trial court to fail to vacate its order and quash service. 1155 Inv. Co. v. Tamarac Club. Inc., 537 So.2d 154, 155 (Fla. 4th DCA 1989).
Our review of the amended complaint supports that while the Montenegros may have exercised due diligence in attempting to locate the Jennings, they failed to serve the Secretary of State with their latest amended complaint. Nothing stopped the Montenegros from complying with sections 48.161 and 48.171 at any point. Absent strict compliance with these statutes, the trial court had no jurisdiction and, thus, service should have been quashed. Therefore, we reverse and remand with instructions that the trial court afford the Montenegros another chance to properly effect service of process.
Notwithstanding this reversal, we dismiss the Jennings' appeal from the court's denial of their motion to quash for failure to effect timely service of process under rule 1.070(j). An order denying a motion to dismiss that is based on untimely service under rule 1.070(j) is not an order which determines "jurisdiction of the person" and, therefore, is not directly appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). Traylor Bros., Inc. v. Shipman, 758 So.2d 91 (Fla.2000).
DISMISSED in part; REVERSED in part and REMANDED for further proceedings in accordance with this opinion.
STEVENSON and TAYLOR, JJ., concur.