810 So.2d 1084 (2002)
Gregory MONACO and Interstate Towing, Inc., a/k/a Interstate Transport, Appellants,
v.
Florence NEALON, Appellee.
No. 4D01-3223.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
*1085 Jacqueline G. Emanuel of Riley, Knoerr & Emanuel, Fort Lauderdale, for appellants.
Carroll E. Ayers of Ayers & Byrd, Wakefield, Massachusetts, for appellee.
GROSS, J.
Gregory Monaco and Interstate Towing, Inc., appeal a non-final order denying their motion to quash service of process. This court has jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(i).
Appellee, Florence Nealon, attempted to serve Monaco and Interstate pursuant to section 48.171, Florida Statutes (2000). In a lawsuit arising out of a motor vehicle accident in Florida, section 48.171 authorizes substituted service of process upon the secretary of state for motor vehicle owners (Interstate) or operators (Monaco) who are non-residents or have concealed their whereabouts. See id.
When using substituted service under section 48.171, a plaintiff such as Nealon must meet two requirements: 1) the complaint must allege the ultimate facts bringing the defendant within the purview of the statute, see Fla. R. Civ. P. 1.070(h); Farouki v. Attel et Cie, 682 So.2d 1185, 1186 (Fla. 4th DCA 1996), and 2) the service must strictly comply with section 48.161, Florida Statutes (2000), which sets forth the method of substituted service of process. See Mercy Lu Enters. v. Liberty Mut. Ins. Co., 681 So.2d 758, 759 (Fla. 4th DCA 1996). Because the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally served, due process values require strict compliance with the statutory requirements. Id.; see also Wyatt v. Haese, 649 So.2d 905, 907 (Fla. 4th DCA 1995); Chapman v. Sheffield, 750 So.2d 140, 142 (Fla. 1st DCA 2000).
Under section 48.161, the plaintiff must serve the secretary of state designated in section 48.171 and mail a copy of the summons and complaint to the defendant by registered or certified mail. "The plaintiff must then file the return receipt for the papers mailed to the defendant along with an affidavit showing compliance with the applicable statute." Chapman, 750 So.2d at 142; see § 48.161(1), Fla. Stat. (1999); Wyatt, 649 So.2d at 907.
In the case at hand, the record reflects no attempt by Nealon to serve either defendant by registered or certified mail, and contains no affidavit of compliance reflecting any attempt to serve them by mail. Nowhere in Nealon's brief does she argue that she has complied with these *1086 statutory requirements. "Because service of process was not perfected, the trial court did not obtain jurisdiction" over either Monaco or Interstate. Mercy Lu, 681 So.2d at 759. Failure to timely file an affidavit of compliance alone warrants quashing of the substituted service. Wyatt, 649 So.2d at 907-08; Law Offices of Evan I. Fetterman v. Inter-Tel, Inc., 480 So.2d 1382, 1386 (Fla. 4th DCA 1985); Smith v. Import Birds, Inc., 461 So.2d 1026, 1027 (Fla. 4th DCA 1985).
We also note that Nealon's complaint fails to plead the statutory basis for invoking section 48.171 with respect to Interstate. "It is well settled that `[t]o support substituted service of process on a defendant, the complaint must allege the jurisdictional requirements prescribed by statute. If it fails to do so then a motion to quash process should be granted.'" Farouki, 682 So.2d at 1186 (quoting Drake v. Scharlau, 353 So.2d 961, 964 (Fla. 2d DCA 1978)); see also Wiggam v. Bamford, 562 So.2d 389, 390 (Fla. 4th DCA 1990) ("the complaint fails to allege that appellant is a nonresident or concealing herself. On that basis alone it is fatally defective.").
The order denying Monaco's and Interstate's motions to quash service of process is reversed.
STEVENSON and HAZOURI, JJ., concur.