826 So.2d 1077 (2002)
Lumumba Cinque SMITH, Appellant,
v.
Diana LEAMAN and Lawrence Leaman, her husband, Appellees.
No. 2D02-2708.
District Court of Appeal of Florida, Second District.
October 2, 2002.
Jeffrey R. Fuller of Brasfield, Fuller, Freeman, Lovell & O'Hern, P.A., St. Petersburg, for Appellant.
J. Christopher Deem of Prugh, Holliday & Deem, P.A., Tampa, for Appellees.
PARKER, Judge.
Lumumba Cinque Smith challenges the trial court's order denying his motion to quash service of process of the complaint filed against him by Diana and Lawrence Leaman (the Leamans). Because the Leamans did not strictly comply with the substituted service requirements of section 48.161, Florida Statutes (2001), we reverse.
The Leamans filed a complaint against Smith and Alamo Rent-A-Car for bodily injuries that Diana Leaman suffered in an auto accident allegedly caused by Smith's negligent operation of a vehicle owned by Alamo.[1] After being unable to locate Smith to serve him with the complaint, the Leamans took the deposition of Smith's wife. In her deposition, Smith's wife testified that she and Smith were separated and that she did not know Smith's current address, but she knew that he had often stayed in a rooming house on 15th Street and 15th Avenue in Tampa. She described this rooming house as a green and white building located behind the La Segunda Bakery. According to Smith's wife, Smith purposefully tries to keep people from knowing where he stays because he does not like people in his business and likes to be by himself. Smith's wife testified that she had told Smith about the notice for her deposition when he had last called her and *1078 that Smith had told her that he would contact the Leamans' counsel; however, she was not surprised that Smith had not done so.
After taking her deposition, the Leamans filed an affidavit of substituted service pursuant to section 48.161. The affidavit asserted that the Leamans had conducted a diligent search to discover Smith's whereabouts and had attempted service of process on Smith at the address shown on the vehicle accident report. The affidavit also asserted that a private investigator had failed to discover Smith's present whereabouts despite a thorough investigation. The affidavit then recited that substituted service had been made on the Secretary of State in compliance with applicable statutes and that a restricted delivery copy of the process had been sent by certified mail to Smith at the address listed on the vehicle accident report. This certified mail was returned and stamped "return to sender attempted not known." The Leamans also filed an acceptance of service of process from the Secretary of State.
Smith, through counsel for Alamo, filed a motion to quash the substituted service of process. After a hearing, the trial court denied the motion, finding that the Leamans had conducted a diligent search and had complied with the requirements of section 48.161. Smith then brought this appeal.
Section 48.161, which allows for substituted service of process on a Florida resident who is concealing his whereabouts, creates an exception to the general rule that the defendant must be personally served. The statute contains three requirements: (1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance. § 48.161(1). Because the lack of personal service of process implicates due process concerns, the plaintiff must strictly comply with the statutory requirements. See Wyatt v. Haese, 649 So.2d 905, 907 (Fla. 4th DCA 1995).
Despite the need for strict compliance with the statutory requirements, the courts have created an exception to the requirement that the plaintiff file the defendant's return receipt for those situations in which the defendant is actively refusing or rejecting the substituted service of process. See, e.g., Fernandez v. Chamberlain, 201 So.2d 781 (Fla. 2d DCA 1967); Cortez Dev. Co. v. N.Y. Capital Group, Inc., 401 So.2d 1163, 1165 (Fla. 3d DCA 1981); Turcotte v. Graves, 374 So.2d 641, 643 (Fla. 4th DCA 1979). However, in this appeal, the Leamans contend that substituted service of process should fall within this judicially created exception whenever the defendant is actively concealing his whereabouts, regardless of the reason for the nondelivery. We reject this contention.
In Turcotte, the certified mail sent to comply with section 48.161 was returned with a notation that the address was a vacant mobile home. Turcotte, 374 So.2d at 642. In quashing the substituted service, the court held that when "the failure of delivery of process was not caused by the defendant-addressee's rejection of the mail and where such failure might have resulted from a cause not chargeable to the defendant, then the statutory requirements have not been met and service of process is insufficient." Id. at 643 (emphasis added). See also Wyatt, 649 So.2d at 907 (quashing substituted service and holding that two attempts at service by mail, one marked "unclaimed" and the other marked "not at this address," were insufficient to establish that the defendant intentionally failed or refused to claim the notices); *1079 Crews v. Rohlfing, 285 So.2d 433 (Fla. 3d DCA 1973) (holding that mail returned and marked "moved left no address" was insufficient to fall within the exception to the statutory requirements); Zarcone v. Lesser, 190 So.2d 805, 807 (Fla. 3d DCA 1966) (holding that mail returned and marked "unclaimed" was insufficient to fall within the exception to the statutory requirements); Lendsay v. Cotton, 123 So.2d 745 (Fla. 3d DCA 1960) (same). Accordingly, there is no merit in the Leamans' argument that the filing of any return receipt, no matter the reason for the nondelivery, is sufficient to fall within the exception to the statutory requirements.
We also reject the Leamans' contention that mailing the notice and copy of process to the address on the vehicle accident report should somehow establish that Smith refused the process. In Chapman v. Sheffield, 750 So.2d 140, 143 (Fla. 1st DCA 2000), the court quashed the attempted service of process and rejected the plaintiffs' argument that they were justified in sending substituted service to the address listed on the accident report, noting that the complaint had not been filed until four years after the accident and that "[i]t is reasonable to assume that the defendant's living arrangements may have changed in that time."
Likewise, in this case, the Leamans were not justified in sending the substituted service of process to the address for Smith listed on the vehicle accident report. The Leamans were fully aware from the deposition of Smith's wife that Smith no longer lived at that address. At the deposition, the Leamans learned that Smith's last known address was a rooming house. Despite this knowledge, the Leamans did not attempt to serve Smith at the rooming house and did not send the certified copy of the service of process to that address. Instead, they sent the service of process to an address at which they knew beyond a doubt that Smith no longer lived. Because of this, the Leamans did not and could not establish that the nondelivery of the substituted service was chargeable to Smith. Therefore, the Leamans were not excused from complying with the statutory requirements.
The Leamans also rely on Robb v. Picarelli, 319 So.2d 645 (Fla. 3d DCA 1975), in which the court held that the substituted service by mail complied with the statute. However, in that case, the plaintiffs sent the service to the defendant's last known address. Id. at 647. Here, the Leamans did not send the service of process to Smith's last known address. His last known address was the rooming housenot the address on the vehicle accident report. Therefore, the Leamans' reliance on this case is misplaced.
While the Leamans established that they had conducted a diligent search and that Smith was concealing his whereabouts, they did not establish that Smith was actively refusing service. Further, because they did not attempt delivery of the substituted service at Smith's last known address, no inference can be established from the record that the failure of the delivery was chargeable to Smith. Therefore, because the Leamans did not comply with the strict requirements of section 48.161 and because they did not establish that they fell within the exception to its requirements, we reverse the trial court's order and quash the attempted service on Smith.
Reversed and remanded.
FULMER and WHATLEY, JJ., Concur.
NOTES
[1] Alamo filed a motion for stay and a suggestion of bankruptcy. The trial court has stayed the action against Alamo, and it is not a party to this appeal.