932 So.2d 591 (2006)
Michelle WISE, d/b/a J & M Bullfeathers Farm, Appellants,
v.
Rita WARNER, Appellee.
No. 5D05-4001.
District Court of Appeal of Florida, Fifth District.
June 30, 2006.
*592 Jeffrey R. Fuller of Brasfield, Fuller, Freeman & O'Hern, St. Petersburg, for Appellants.
Jeffrey D. Murphy of Pitisci, Dowell, Markowitz & Murphy, P.A., Tampa, for Appellee.
THOMPSON, J.
Michelle Wise d/b/a J & M Bullfeathers Farm ("Wise") appeals an order denying her motion to quash service of process. Because Rita Warner did not strictly comply with the statutory requirements of section 48.161, Florida Statutes (2004), we reverse.
Warner sued Wise for damages arising from a dog bite that occurred at Wise's property in November 2001. In her amended complaint, Warner alleged that a process server was unable to serve Wise. Warner claimed Wise was either concealing her whereabouts or had left Florida. Warner served the Secretary of State on behalf of Wise and filed an affidavit of compliance with section 48.161, Florida Statutes (2004). The affidavit of compliance did not allege that Warner served or attempted to serve Wise via certified mail. Rather, Wise submitted an affidavit relating the process server's 13 unsuccessful attempts to serve process at Wise's farm in August 2005, which led Warner to believe that Wise was either evading service or had become a non-resident. The return of service, non-served, indicated that the farm was occupied, the farm's maintenance man stated that the truck periodically seen at the farm belonged to Wise and that she lived there, and there was never a response at the gate to the server's horn-blowing or calling.
Wise moved to quash service on the grounds that Warner failed to comply with the statutory requirements for substituted service. The court denied the motion, and Wise appealed. Wise argues that Warner did not strictly comply with section 48.161 because she never attempted service through certified mail; Warner responds that strict compliance is not required where Wise was "concealing [her] whereabouts and/or evading service of process."
To effect service of process under section 48.161, Florida Statutes (2004), the plaintiff must, inter alia, mail a copy of the summons and complaint to the defendant by registered or certified mail. Smith v. Leaman, 826 So.2d 1077, 1078 (Fla. 2d DCA 2002); Chapman v. Sheffield, 750 So.2d 140, 142 (Fla. 1st DCA 2000). "Because the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally *593 served, due process values require strict compliance with the statutory requirements." Monaco v. Nealon, 810 So.2d 1084, 1085 (Fla. 4th DCA 2002) (emphasis in original) (citations omitted); see also Valliappan v. Cruz, 871 So.2d 1035, 1036 (Fla. 4th DCA 2004); Smith, 826 So.2d at 1078; Chapman, 750 So.2d at 142; Wyatt v. Haese, 649 So.2d 905, 907 (Fla. 4th DCA 1995). Courts may dispense with the filing of a postal receipt if a substituted service statute is invoked on the ground that the defendant is evading service. Chapman, 750 So.2d at 143. This does not mean Warner need not bother with certified mail to Wise's address; rather, "[t]he failure to comply with the statutory requirements has been excused when the record shows that the party to be served is deliberately refusing to accept delivery." Woodworth v. Smith, 773 So.2d 1170 (Fla. 2d DCA 2000) (reversing where the trial court denied the motion to quash service though defendant had actual notice based on regular mail); see also Jennings v. Montenegro, 792 So.2d 1258 (Fla. 4th DCA 2001) (stating that "the failure of delivery of service must be attributable to the defendant"); Wyatt, 649 So.2d at 907 (holding that the court cannot conclude that failure of service resulted from defendant's rejection of delivery where letters sent to defendant were returned stating "UNCLAIMED" and "NOT AT THIS ADDRESS").
The holding in Smith v. Leaman, 826 So.2d 1077, is instructive:
Despite the need for strict compliance with the statutory requirements, the courts have created an exception to the requirement that the plaintiff file the defendant's return receipt for those situations in which the defendant is actively refusing or rejecting the substituted service of process. However, in this appeal, the Leamans contend that substituted service of process should fall within this judicially created exception whenever the defendant is actively concealing his whereabouts, regardless of the reason for the nondelivery. We reject this contention.
In Turcotte [v. Graves, 374 So.2d 641 (Fla. 4th DCA 1979)], the certified mail sent to comply with section 48.161 was returned with a notation that the address was a vacant mobile home. In quashing the substituted service, the court held that when "the failure of delivery of process was not caused by the defendant-addressee's rejection of the mail and where such failure might have resulted from a cause not chargeable to the defendant, then the statutory requirements have not been met and service of process is insufficient." Accordingly, there is no merit in the Leamans' argument that the filing of any return receipt, no matter the reason for the nondelivery, is sufficient to fall within the exception to the statutory requirements.
Smith, 826 So.2d at 1078-79 (citations omitted).
The court in Smith held that the plaintiffs' failure to send the certified copy of the service of process to the defendant's last known address required reversal; plaintiffs "did not and could not establish that the nondelivery of the substituted service was chargeable to" defendant. Smith, 826 So.2d at 1079. If Warner had attempted service via certified mail, and Wise had refused delivery, then the affidavits in the record would contain adequate evidence for the trial court to excuse the filing of return receipts and further compliance with section 48.161. See, e.g., Cortez Dev. Co. v. New York Capital Group, Inc., 401 So.2d 1163, 1165 (Fla. 3d DCA 1981). But the record reflects no attempt by Warner to serve Wise by registered or *594 certified mail, and contains no affidavit of compliance reflecting any attempt to serve her by mail. See Monaco, 810 So.2d at 1085; Valliappan, 871 So.2d at 1036. Because service of process was not perfected, the trial court did not obtain jurisdiction over Wise. See Monaco, 810 So.2d at 1085.
Accordingly, we REVERSE the order denying Wise's motion to quash service.
PLEUS, C.J. and SAWAYA, J., concur.