32 So.3d 695 (2010)
Rufino HERNANDEZ, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee of RFB Investment Group and State Farm Mutual Automobile Insurance Company, as subrogee of Roy Bray, Appellee.
No. 4D09-3825.
District Court of Appeal of Florida, Fourth District.
March 31, 2010.
*697 José E. Pagan and Christopher H. McElroy of Allen, Kopet & Associates, PLLC, Tallahassee and Neil V. Singh of Allen, Kopet & Associates, PLLC, Fort Lauderdale, for appellant.
Samuel Bookhardt, III of Vance, Lotane & Bookhardt, P.A., Cocoa, for appellee.
WARNER, J.
Rufino Hernandez appeals the trial court's order denying his motion to quash service of process, claiming that the trial court erred in determining that the plaintiff had sufficiently complied with the statutory prerequisites for substituted service. We agree and reverse, because the allegations of the complaint concerning service were not sufficient to invoke substituted service over the appellant, and the plaintiff did not produce a return receipt for certified mail signed by the appellant in compliance with section 48.161, Florida Statutes.
Appellant was involved in an automobile accident in which the vehicle he was driving collided with a vehicle insured by State Farm. Approximately fifteen months later, State Farm brought a subrogation action against Hernandez, seeking to recover monies it paid to satisfy uninsured motorist and property damage claims its insured brought following the accident. In paragraph 20 of the complaint, State Farm alleged: "Defendant is being served through the offices of a Sheriff, an authorized process server, or, in the alternative, after diligent search and inquiry, Defendant is a non-resident of the State of Florida or Defendant is concealing his whereabouts and avoiding service of process and is being served within the scope of Florida Statutes 48.161 and 48.171."
The original summons was issued on September 29, 2008, listing Hernandez's last known address, but State Farm was unable to perfect personal service on Hernandez. On March 18, 2009, State Farm filed an Affidavit in Support of Service under section 48.171, Florida Statutes, in which the efforts to locate Hernandez were detailed, including a check of his driver's license records. Those records contained the address where personal service was attempted, but Hernandez had not lived there for several years. The affiant concluded that Hernandez was either not a resident of Florida or was concealing his whereabouts. Thereafter, the complaint and second summons were served upon the Secretary of State. In addition, a notice of the action was sent by certified mail to Hernandez's last known address, but the mail was returned without having been accepted. The post office notation is not entirely clear. Either it was returned for "no mail receptacle" or "forwarding order expired." (The marking by the carrier fell between the two selections.)
Hernandez filed a motion to quash service of process, noting that State Farm had not properly pled substituted service nor filed a signed receipt of mailing the complaint to Hernandez. The court granted the motion at a hearing where State Farm's counsel was inadvertently excluded. State Farm then filed an affidavit of compliance as well as a notice of filing the return receipt, which was unsigned by Hernandez. State Farm then moved to vacate the order granting the motion to quash service, following which the trial court did vacate the order and reset the motion to quash service of process.
At a full hearing, the court denied the motion. It found that all of the requirements for substituted service of process *698 had occurred, and a diligent search for Hernandez had been accomplished. From that order Hernandez appeals.
As a preliminary matter, Hernandez claims that the court lost jurisdiction to vacate its order, because State Farm failed to move for rehearing within ten days. The order granting the motion to quash service of process was not a final order, however, in that it only granted the motion to quash and did not dismiss the case. Moreover, it states "Defendant's motion [singular] is granted." From the hearing transcript it appears that the court heard only the motion to quash service of process. Therefore, not only are there no words of finality in the motion which would make the order a final order subject to the rehearing time of Rule 1.530, but the order does not appear to address the motion to dismiss at all. Even if the trial court's original order was intended to address the motion to dismiss, an order that merely grants a motion to dismiss is not a final order. See Hayward & Assocs., Inc. v. Hoffman, 793 So.2d 89, 91 (Fla. 2d DCA 2001). To satisfy finality, the order must go further and dismiss the cause or complaint. Raphael v. Carner, 194 So.2d 298, 300 (Fla. 4th DCA 1967). Therefore, because the order granting Hernandez's motion to quash was not a final order, the trial court retained jurisdiction to reconsider the motion.
Turning to the merits, Hernandez maintains that State Farm failed to strictly adhere to proper pleading and notice requirements necessary to perfect substitute service upon him. State Farm responds that it filed all the required documents to prove that it had perfected substituted service upon Hernandez and that its complaint alleged sufficient grounds in support of service under sections 48.161 and 48.171, Florida Statutes.
A trial court's ruling on a motion to quash service of process consists of a question of law subject to a de novo standard of review. Mecca Multimedia, Inc. v. Kurzbard, 954 So.2d 1179, 1181 (Fla. 3d DCA 2007). Because the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally served, there must be strict compliance with the statutory requirements so as to protect due process guarantees. Monaco v. Nealon, 810 So.2d 1084, 1085 (Fla. 4th DCA 2002); Alvarado v. Cisneros, 919 So.2d 585, 588-89 (Fla. 3d DCA 2006). If the complaint fails to allege the jurisdictional requirements for substituted service as prescribed by the statute, a defendant cannot be properly served by substituted service and a motion to quash service of process should be granted. Drake v. Scharlau, 353 So.2d 961, 964 (Fla. 2d DCA 1978).
When using substituted service under section 48.171, a plaintiff must meet two requirements. First, the complaint must allege the ultimate facts bringing the defendant within the purview of the statute. See Monaco, 810 So.2d at 1085; Wiggam v. Bamford, 562 So.2d 389 (Fla. 4th DCA 1990). This requires the plaintiff to "allege in his complaint that the defendant was a non-resident, or a resident of Florida who subsequently became a non-resident, or a resident of Florida concealing his whereabouts." Journell v. Vitanzo, 472 So.2d 827, 828 (Fla. 4th DCA 1985). Second, the service must strictly comply with section 48.161, which sets forth the method of substituted service of process. Monaco, 810 So.2d at 1085.
State Farm's original complaint constituted a shotgun approach to this strict pleading requirement. It alleged that Hernandez was either being personally served or after diligent search and inquiry that he was a non-resident or was concealing *699 his whereabouts and avoiding service, thus supporting service pursuant to sections 48.161 or 48.171. At the time of the filing of the complaint, a summons for personal service was issued. When that was returned unexecuted, it appears that an investigator was then retained to search for Hernandez. Thus, at the time the complaint was filed, no diligent search and inquiry had been made, and the pleader did not know whether the defendant could be served by substituted service.
The complaint is deficient because it alleges that personal service is being made, meaning that the defendant is amenable to such service. The Secretary of State is not authorized to accept service of process unless one of the other two jurisdictional grounds is alleged. Alleging in the alternative does not strictly satisfy the jurisdictional prerequisite for service. If a plaintiff could simply allege inconsistent ultimate facts of inability to serve the defendant because of concealment or non-residency at the same time it also alleges that the defendant is amenable to personal service, then the pleading requirements of the statute would be meaningless.
In addition to failing to properly plead the basis for seeking substitute service, State Farm also failed to comply with the statutory notice requirements for perfecting substitute service. Under section 48.161, the plaintiff must serve the Secretary of State and mail a copy of the summons and complaint to the defendant by registered or certified mail. See Wise v. Warner, 932 So.2d 591, 593-94 (Fla. 5th DCA 2006) (holding that substitute service was not perfected where "the record reflects no attempt by Warner to serve Wise by registered or certified mail"). "Section 48.161, Florida Statutes, requires that the process be sent to the defendant via certified or registered mail, the receipt of which must be evidenced by the defendant's return receipt. Of course, where the defendant takes affirmative action to avoid acceptance of such mailing, the requirement will be deemed to be satisfied." Turcotte v. Graves, 374 So.2d 641, 643 (Fla. 4th DCA 1979). However, where the failure of delivery of process was not caused by the defendant's rejection of the mail and where such failure might have resulted from a cause not chargeable to the defendant, then the statutory requirements have not been met and service of process is insufficient. Id.
The fact that State Farm filed an unsigned return receipt was not sufficient to comply with the statute. See Chapman v. Sheffield, 750 So.2d 140, 143 (Fla. 1st DCA 2000) ("A strict interpretation of this statute compels us to conclude that, when service is attempted on a defendant who is a natural person, the receipt must be signed by the defendant....") (emphasis added). However, "the courts have created an exception to the requirement that the plaintiff file the defendant's return receipt for those situations in which the defendant is actively refusing or rejecting the substituted service of process." Smith v. Leaman, 826 So.2d 1077, 1078 (Fla. 2d DCA 2002).
This record does not show that the failure to deliver was the result of Hernandez actively refusing or rejecting substituted service. The mere fact that Hernandez was not located at the address where State Farm sent the certified mail does not give rise to an inference that Hernandez intentionally failed or refused to claim the substitute process. All that is known is that the letter carrier was unable to deliver it either because there was no mail receptacle or because a forwarding address had expired. When coupled with the affidavit of diligent search, which revealed that someone at the address told the process server that the defendant had not lived *700 there for four years, no active evasion by Hernandez is shown.
This case is similar to Wyatt v. Haese, 649 So.2d 905 (Fla. 4th DCA 1995), where we held that strict compliance with the statutory prerequisites was not met under the following circumstances:
The face of the record and affidavit demonstrate failure to comply with the statutory notice prerequisites. No return receipt was executed by the defendant. Moreover, the certified letter returned "UNCLAIMED" and the second notice sent by regular mail and returned "NOT AT THIS ADDRESS" do not reflect that appellant intentionally failed or refused to claim the notices. Therefore, no conclusion can be drawn that the failure to deliver process was caused by the defendant rejecting the mail. Consequently, the statutory requirement was not met as no return receipt for the certified mail was obtained, nor can an inference of intentional rejection be made from the record.
Id. at 907 (citations omitted). Likewise, the unsigned return of service on Hernandez is insufficient to show that he was evading service.
As we said in Wyatt, "The purpose of service, substituted or otherwise, is to provide the defendant with notice so that he might exercise his opportunity to be heard." Id. at 908. Where a plaintiff resorts to substituted service, "strict compliance with the statutes governing this form of service is essential to obtaining valid personal jurisdiction over the defendant(s)." Fed. Nat'l Mortg. Ass'n v. Fandino, 751 So.2d 752, 753 (Fla. 3d DCA 2000). Without such compliance, the trial court does not acquire jurisdiction over the defendant.
We reverse and remand for entry of an order quashing service of process on defendant without prejudice to plaintiff seeking to serve Hernandez by fully complying with the substituted service requirements.
POLEN and STEVENSON, JJ., concur.